UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEGAL EAGLE, LLC,

            Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE,

            Defendant.

Civil Action No. 24-3316 (CRC)

## MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM THEREOF

Defendant United States Department of Justice (the "Department"), by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) to dismiss this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action for the reasons set forth below. The Department also moves in the alternative for summary judgment under Rule 56.

## BACKGROUND

This action involves two FOIA requests allegedly submitted by Plaintiff on November 8, 2024,[1] one directed to the Federal Bureau of Investigation ("FBI") and one directed to the Department's Office of Information Policy ("OIP").

The request to the FBI seeks "'all information about former President Donald Trump in the Central Records System collected or created as part of the investigations into him for unlawfully

---

[1] Defendant maintains that the FOIA requests were not submitted on November 8, 2024 as alleged but on a later date. However, the difference in date is immaterial to the arguments for dismissal addressed below and, accordingly, this motion utilizes the November 8, 2024 date alleged by Plaintiff.

retaining national security information and for his role in the January 6 insurrection, for which he is currently in criminal litigation in the Southern District of Florida and the District of Columbia.'" Am. Compl. (ECF No. 6) ¶ 40.

The request to OIP seeks the following records of the Office of Special Counsel Jack Smith ("Special Counsel's Office"):  "'(1) All records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022, during the Office's investigation into potential federal crimes committed by former President Donald Trump; and (2) All sent and received emails stored in the email accounts of [Special Counsel's Office] personnel as of the date of your search, not including emails not directly relevant to the investigation (such as press clippings, [Department of Justice] administrative emails not unique to the [Special Counsel's Office], etc.).'"  *Id*. ¶ 24. Both requests seek expedited processing, classification as a representative of the news media, and a public interest fee waiver for the cost of processing and producing responsive records. *Id.* ¶¶ 31, 43.

Plaintiff filed this lawsuit on November 22, 2024, asserting two counts based solely on OIP's and FBI's alleged failure to respond to the expedited processing request within the ten-calendar day period set forth in section 552(a)(6)(E)(ii)(I) for responding to such requests.  Compl. (ECF No. 1) ¶¶ 20-39.   On November 26, 2024, Plaintiff advised OIP and FBI that it had "modif[ied]" the requests to "'allow OIP and FBI to wait until Jack Smith's report is completed and a decision is made by the Attorney General whether or not to release it publicly to begin the review process.'"  Am. Compl. (ECF No. 6) ¶ 26.

On December 4, 2024, within the applicable twenty-business day period under 5 U.S.C. § 552(a)(6)(A)(i) to respond to the FOIA request itself, OIP issued a final determination to Plaintiff advising that the request to OIP was invalid because it failed to reasonably describe the records

sought and would be unduly burdensome to process.  Am. Compl. (ECF No. 6) ¶ 30.  The December

4, 2024 letter specifically advised Plaintiff that:

> Your request seeks all records related to a Department investigation spanning a
> two-year time period. Based on our preliminary research, just the email portion of
> your request encompasses at least 450 gigabytes of information, which combined
> contain approximately 1.7 million items. In addition, I note that your request as
> currently written includes more than just email records. Your request is so broadly
> sweeping and lacking in specificity that, combined with the volume of the records
> it encompasses, it is not reasonably described. If you would like to reframe your
> request to seek a specific topic of interest, a more tailored timeframe, or another
> reformulation, please contact this Office.

Letter (Ex. C to Brinkmann Decl.)  The December 4, 2024 letter further provided administrative

appeal rights if Plaintiff was dissatisfied with this final determination.  *Id.*

Plaintiff did not reframe the request or submit an administrative appeal, Brinkmann Decl.

¶ 10, but, instead, on December 10, 2024, filed a pleading entitled "Amended Complaint" to add

claims based on events that occurred after this action was filed on November 22, 2024.

Specifically, in count I, the Amended Complaint asserts a claim based on OIP's denial of the

request on December 4, 2024.  Am. Compl. (ECF No. 6) at 4; *id.* ¶ 31.  That claim also

encompasses Plaintiff's demand contained within the request to be classified as a representative

of the news media and to receive a public interest fee waiver.  *Id.*  In count II, the Amended

Complaint asserts a claim against OIP for denial of the expedited processing request.  *Id.* ¶¶ 32-

38.

The Amended Complaint asserts similar claims against the FBI in counts III and IV.  The

FBI had not yet responded to the FOIA request at the time of the Amended Complaint's filing on

December 10, 2024, and thus the claim in count III is based on the FBI's alleged failure to make a

determination on the request as of that filing date.  *Id.* ¶ 49.  The Amended Complaint also asserts

in the same count a "fee-related denial" claim with respect to the news media category and public

interest fee waiver issues. *Id*. ¶ 50. In count IV, the Amended Complaint asserts a claim against the FBI for a "constructive expedited processing denial" based on the FBI's failure to respond to the expedited processing request as of the filing date of the Amended Complaint. *Id*. ¶¶ 51-56.

On December 10, 2024, the FBI issued a decision granting the expedited processing request, and, on January 16, 2025, the FBI advised Plaintiff that it would be classified as a representative of the news media and that the FBI would grant Plaintiff a fee waiver. Letters (Exs. 1 and 2 hereto).

## LEGAL STANDARDS

Rule 12(b)(1) provides that a federal court must dismiss a case when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "'[b]efore a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'" *Cornish v. Dudas*, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)). It is the plaintiff's burden to demonstrate subject matter jurisdiction. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). If the plaintiff cannot meet his burden, the court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 74 U.S. 506 (1868)). In considering a motion to dismiss for lack of subject matter jurisdiction, a court "'treat[s] the complaint's factual allegations as true'" and "'grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Nat'l Whistleblower Ctr. v. Dep't of Health & Hum. Servs.*, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). That said, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]" *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

Rule 12(b)(6) governs dismissal of a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* at 198-99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Accordingly, a plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)). Therefore, the focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to plausibly support Plaintiff's claims for relief. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that there "is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding whether a genuine issue of material fact exists, the Court must make all inferences in the non-movant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment.  *Celotex*, 477 U.S. at 322.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249–50.

## **ARGUMENT**

Plaintiff's Amended Complaint seeks to add claims to this lawsuit based on OIP's December 4, 2024, denial letter and the alleged failure of the FBI to provide a final determination on the request as of December 10, 2024, which Plaintiff apparently (and mistakenly) considers to be outside the required statutory period to provide a response.  As such, the "Amended Complaint" is "plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d), as it 'sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented'" and, as such, "require[d] leave of the court." *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006).

As an initial matter, Plaintiff did not seek leave of Court before filing the Amended Complaint and thus the only pleading properly before the Court is the original Complaint filed on November 22, 2024.  That pleading is focused exclusively on OIP and FBI's alleged failure to respond to the expedited processing requests within the ten-calendar day period set forth in section

552(a)(6)(E)(ii)(I), claims that are now moot.  OIP issued a final determination on the FOIA request by letter dated December 4, 2024, and that determination renders moot any claim based on the request to expedite the OIP request.  *Liberation Newspaper v. Dep't of State*, 80 F. Supp. 3d 137, 140 n.2 (D.D.C. 2015) ("Under 5 U.S.C. § 552(a)(6)(E)(iv), a court lacks subject matter jurisdiction 'to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request.'")  Moreover, any claim based on the request to expedite the FBI request is moot based on the FBI's granting of the expedited processing request on December 10, 2024.  *See Hall*, 437 F.3d at 99 (subsequent decision waiving fees moots any claim based on the denial of a fee waiver request).

But even were the Court to view Plaintiff's failure to obtain leave before filing the Amended Complaint as not "fatal," *see Brown v. United States Citizenship & Immigration Services*, Civ. A. No. 23-3669 (RCL), 2024 U.S. Dist. LEXIS 169887, at *11-12 (D.D.C. Sept. 20, 2024),[2] and consider all claims based on the two FOIA requests to be properly before the Court, dismissal of this action is still warranted.  As discussed below, all claims based on the OIP request should be dismissed because OIP properly determined in its December 4, 2024, letter that the request failed to reasonably describe the records sought or would be unduly burdensome to process and, because Plaintiff failed to administratively appeal that final determination, Plaintiff thus failed to exhaust administrative remedies.  Plaintiff's claims based on the FBI request should be dismissed because they were asserted prior to expiration of the twenty-business day response

---

[2]      In *Brown*, the Court did "not find th[e] mistaken choice" to attempt to amend the Complaint as a matter of course under Rule 15(a)(1), rather than moving for leave to supplement, to be "fatal," reasoning that the filing of the amended pleading could be treated as a motion for leave to supplement.  *Brown*, 2024 U.S. Dist. LEXIS 169887, at *12-13.  Should this Court follow the reasoning in *Brown* and treat the amended pleading as a motion to supplement, dismissal is still warranted on grounds of futility for the reasons stated herein.  *See Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004).

period in section 552(a)(6)(A)(i), and, to the extent addressed to the issue of media category status

and a fee waiver, Plaintiff's claims are moot because the FBI has granted Plaintiff that status and

a fee waiver.  As already noted above, Plaintiff's claims based on its expedited processing requests

to OIP and FBI also should be dismissed as moot.

I.      **All Claims Based On The Request To OIP Should Be Dismissed.**

        A.      **Plaintiff Did Not Submit A Valid Request To OIP.**

        To the extent directed to the OIP request, the Amended Complaint should be dismissed on

the basis that the underlying request is impermissibly broad and so sweeping that it does not

constitute a valid FOIA request.  Because the request's invalidity can be assessed from the face of

Plaintiff's pleading and other documents incorporated into it by reference, this issue can be

resolved on a motion to dismiss.  *Am. Ctr. for Law & Justice v. Dep't of Homeland Sec.*, 573

F. Supp. 3d 78, 88 (D.D.C. 2021) (dismissing complaint without prejudice on the basis that the

FOIA request on its face failed to reasonably describe the records sought); *Frost Brown Todd LLC

v. Ctrs. for Medicare and Medicaid Servs.*, Civ. A. No. 21-2784 (TSC), 2024 U.S. Dist. LEXIS

19303, at *10 (D.D.C. Feb. 5, 2024) ("By requiring that a plaintiff make a valid request and the

defendant withhold records to exhaust administrative remedies, . . . FOIA *requires* courts to

analyze whether a valid request was made—and thus, whether a request reasonably describes the

records sought—at the motion to dismiss stage"; granting dismissal on the basis that the request

was invalid). However, to the extent the Court determines that the accompanying declaration is

necessary to resolve this issue, and that the exhibits attached to that declaration constitute extrinsic

evidence not incorporated into the Amended Complaint by reference, Defendant moves in the

alternative for summary judgment under Rule 56.

        Plaintiff's FOIA request to OIP is improper because it does not reasonably describe the

records requested and is unreasonably broad and burdensome.  As such, the request is invalid and

does not trigger any obligation on the part of the agency to respond. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *see also Ctr. for Imm. Studies v. U.S. Citizenship and Immigr. Servs.*, 628 F. Supp. 3d 266, 275 (D.D.C. 2022) ("Because the Center's requests require an unduly burdensome post-search effort, the Court will grant the agency's motion for summary judgment."). Indeed, as the D.C. Circuit recently confirmed, "[a]gencies do not need to honor unreasonably burdensome requests, boiling the ocean in search of responsive records." *Kowal v. Dep't of Just.*, 107 F.4th 1018, 1028-29 (D.C. Cir. 2024). The failure to submit a valid request, moreover, constitutes a failure to exhaust administrative remedies, warranting dismissal. *See, e.g.*, *Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *6; *Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114-15 (D.D.C. 2011); *Macleod v. Dep't of Homeland Sec.*, Civ. A. No. 15-1792 (KBJ), 2017 U.S. Dist. LEXIS 153651, at *16 (D.D.C. Sept. 21, 2017); *Hall v. Dep't of Just.*, 273 F. Supp. 3d 77, 84 (D.D.C. 2017).

FOIA sets forth two specific requirements for a valid request—a request must (i) "reasonably" describe the records sought and (ii) comply "with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *Dale*, 238 F. Supp. 2d at 103. The obligation to process a request only begins upon receipt of a valid request, that is, one that satisfies these two requirements. *Dale*, 238 F. Supp. 2d at 103; *see also Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *12 ("Because Plaintiff never made a valid FOIA request . . . , Defendant was never required to comply with the time limit for issuing adverse determinations in § 552(a)(6)(A), and the constructive exhaustion waiver in § 552(a)(6)(C) is inapplicable.").

The requirement that a request "reasonably" describe the records sought, moreover, likewise is set forth in the published regulations applicable to requests made to components of the Department of Justice. *Am. Ctr.*, 573 F. Supp. 3d at 82 n.5 ("DHS rules incorporate the Act's

'reasonably describes' requirement."). Pursuant to those regulations, "[r]equesters must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." 28 C.F.R. § 16.3(b).

As the FOIA statute and applicable regulations make clear, it is not permissible to simply request nearly all work product received or generated by a government office over an extended period. Here, Plaintiff's FOIA request to OIP effectively asks for just that—virtually all of the work product of an extensive Special Counsel investigation during a nearly two-year period. The request seeks "[a]ll records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022," related to the office's investigation of President Trump and also seeks "all sent and received emails" of that office in connection with such investigation. Am. Compl. ¶ 24 (ECF No. 6). By seeking "all records" related to a broad subject matter, the request is facially invalid both because it lacks a reasonable description, *Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *8 (observing that "[m]any of Plaintiff's requests fail to reasonably describe the records sought because they seek all materials related to a certain topic"), and would "'require[] the agency to locate . . . [a] vast quantity of material[.]'" *Id*. at 10. OIP estimates that the email portion of the request alone encompasses over 1.7 million items and that there are 40 terabytes of other digital files and approximately 100 boxes of paper records. Brinkmann Decl. ¶¶ 16-20.

The Court's observation in *American Center*, 573 F. Supp. 3d at 87, which was made in connection with the Court's dismissal of an overly broad request, applies equally here:

> FOIA provides an important check against the abuses of government. Nonprofits have wielded FOIA in that laudable spirit, often to positive effect for all concerned about how government operates. But FOIA also encourages the same nonprofits requesters to push further. And many have, some persistently. Those incentives [reduced or waived processing fees and attorney fee shifting provisions] breed requests like this one—imposing crushing burdens on limited agency resources with no clear scope or result. FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it.

*Id*. at 88.

As a general matter, records are considered reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). But that general rule still requires that some defined "class" of records be identified. *Fed'n of Gov't Emps. ("AFGE") v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990) (a request must "'reasonably describe[]' a class of documents subject to disclosure"); *Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *8-9 (a request seeking "all records" related to a topic is not reasonably descriptive). Thus, while technological advances may allow for email sought by overly broad requests to be collected by an agency's FOIA staff, such advances are not a basis to read out of FOIA the "reasonably describes" requirement as a necessary limitation on the permissible scope of a request.

For instance, in *Sai v. Transportation Security Administration*, 315 F. Supp. 3d 218 (D.D.C. 2018), the Court concluded that a request for "'[a]ll TSA policy and/or procedures documents' that were 'not already' available through the agency's electronic reading room, 'including both old [and] current versions' of those documents," was impermissibly broad and did not impose an obligation on the agency to respond. *Id*. at 248-49. The court had "little doubt" that the request "did not 'reasonably describe' a class of documents subject to disclosure." *Id*.

Similarly, in *Freedom Watch v. Department of State*, 925 F. Supp. 2d 55 (D.D.C. 2013), the Court deemed the requests at issue "invalid *ab initio*" for failing to identify the documents sought with "any modicum of specificity" or "identifiable limitation." *Id*. at 61-62. The requests sought, among other things, "'[a]ny and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner,' 'the office of

Secretary of State Hillary Clinton and the White House,' and 'the office of Secretary of Treasury Timothy Geithner and the White House.'"  *Id*. at 62.  The Court concluded that the requests violated the "'reasonably describes'" standard of FOIA, as well as the agency's FOIA regulations that incorporated that standard, and thus were "infirm from the beginning." *Id*. at 60 n.1, 62.  The Court also rejected the plaintiff's attempt belatedly to narrow the scope of its request to avoid dismissal. *Id.* at 62.

Other courts have reached a similar conclusion in analogous circumstances.  *See, e.g.*, *Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014) (concluding that agency was not required to conduct search in response to a request for all records that "pertain[] in whole or in part (all years, all classifications)" to a list of closed Inspector General reports because the request lacked clarity and was overbroad); *Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (finding that a request for "information to make easier to locate consciousness-altering technology, or behavioral modification techniques, information regarding the program" was "not reasonably descriptive to trigger the CIA's disclosure obligations"); *Dale*, 238 F. Supp. 2d at 104-05 (concluding that a request for "any and all documents, including but not limited to files, that refer or relate in any way to" the plaintiff "amounted to an all-encompassing fishing expedition of files at IRS offices across the country," and warranted dismissal); *Hall*, 273 F. Supp. 3d at 84 (finding insufficiently descriptive a request for "'all phone records in the possession of the Federal Bureau of Prisons'").

Even were the Court to conclude that Plaintiff's request was reasonably described because Plaintiff identified the specific office and investigation that is the focus of the request, and technology allows OIP to identify the email records being requested, the request still would be invalid because of the undue burden that it would impose on the agency.  *AFGE*, 907 F.2d at 209 ("While Requests 3A and 3B might identify the documents requested with sufficient precision to

enable the agency to identify them . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency.")   As in *AFGE*, Plaintiff's request "would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material."  *Id.*  OIP's December 4, 2024 denial letter explains that "just the email portion of your request encompasses at least 450 gigabytes of information, which combined contain approximately 1.7 million items." Ex. 1 (Dec. 4, 2024 letter).  And, although the request carves out limited information from the requested email, those carve-outs do not reduce the burden because all potentially responsive emails still would need to be reviewed to assess whether the carve-out applies to a particular document.   Brinkmann Decl. ¶ 21.   Additional digital records encompass approximately 40 terabytes of data, and there are also approximately 100 boxes of paper records.  *Id.* ¶¶ 17, 19.  OIP estimates that, even if all of its FOIA staff worked full time to process this request for five years at a processing rate of 1,000 pages per month per person, it would barely put a dent in the enormous volume of records requested by Plaintiff, even as doing so would divert resources from thousands of other FOIA requests that OIP otherwise would handle during that period.  *Id.* ¶ 21.

"[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (citation omitted).   Thus, "[b]road, sweeping requests lacking specificity are not sufficient."  *Sack*, 53 F. Supp. 3d at 163; *see also Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978) (courts have "held that broad, sweeping requests lacking specificity are not permissible" (collecting cases)).

Overbroad and unreasonably burdensome requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219.   Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files.   *Dale*, 238 F. Supp. 2d at 104-05.   This limitation protects the ability of federal agencies to prioritize their resources notwithstanding any obligation to provide access to records under FOIA.   *See, e.g.*, *Int'l Counsel Bureau v. Dep't of Def.*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010).   Ultimately, "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'"   *AFGE*, 907 F.2d at 209; *see also Kowal*, 107 F.4th at 1028-29 ("[a]gencies do not need to honor unreasonably burdensome requests"); *Freedom Watch*, 925 F. Supp. 2d at 62-63 (regardless of defendants' response to the requests, dismissing complaint where overbroad requests were "infirm from the beginning").   "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request."   *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020).

In *Sai*, for instance, the court accepted the agency's declaration that processing the request as drafted "'would have created an extreme burden on and undue hardship for the entire agency and, in particular, the FOIA Branch.'"   *Sai*, 315 F. Supp. 3d at 248-49; *see also Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (per curiam) (holding request inadequately identified records, where plaintiffs sought "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . , including, but not limited to, the files of [various government offices]"); *Hainey v. Dep't of Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (deeming it unreasonably burdensome to require the search and review of every email sent or received by twenty-five different employees over the course of two years).

With respect to the OIP request, the same outcome should be reached here. *See Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *8-10. And, because the OIP request is invalid, OIP had no obligation to respond to the accompanying expedited processing request, request for media category status, and request for a public interest fee waiver. *See id.* at *10, 12*; see also Dale*, 238 F. Supp. 2d at 103; *Howell v. Dep't of Homeland Sec.*, No. 24-2791 (JMC), 2024 U.S. Dist. LEXIS 194187, at *14 (D.D.C. Oct. 25, 2024). Accordingly, all claims based on the OIP request fail and should be dismissed.

### B.    Plaintiff Failed to Administratively Appeal the December 4, 2024 Denial.

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request," and "courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (citing 5 U.S.C. §§ 552(a)(6)(A)(i), (ii) and cases). Although exhaustion under FOIA is not jurisdictional, it nonetheless is an important "'jurisprudential doctrine'" that must be enforced, because the requester's failure to exhaust precludes judicial review "if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance." *Bloomgarden v. Dep't of Just.*, 10 F. Supp. 3d 146, 151 (D.D.C. 2014).

Exhaustion is required both for a FOIA request as a whole as well as for each aspect of the agency's processing of a request. Thus, a plaintiff may have exhausted administrative remedies with regard to one aspect of the agency's processing of a FOIA request, and yet not have exhausted all remedies with respect to another aspect. In such cases, "[i]t is appropriate for the Court to consider only those aspects of plaintiff's request which he properly exhausted." *Kenney v. Dep't of Just.*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009). Likewise, a lawsuit can present exhausted and

unexhausted claims, with the latter properly subject to dismissal. *Hall & Assoc. v. EPA*, 77 F. Supp. 3d 40, 48 n.7 (D.D.C. 2014) (limiting lawsuit only to claims that were administratively exhausted and dismissing claims that were not exhausted). That is the case alleged here, where Plaintiff has, according to its allegations, administratively exhausted its now moot request for expedited processing but failed to exhaust any other aspect of its FOIA claims against OIP by failing to administratively appeal the December 4, 2024 denial letter before burdening this Court. *Compare Citizens for Resp. and Ethics in Wash. v. Dep't of Just.*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (a plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request) *with Jud. Watch v. Naval Observ.*, 160 F. Supp. 2d 111, 113 (D.D.C. 2001) (agency's "earlier failure to timely respond to the request for expedited processing is not equivalent to constructive exhaustion of administrative remedies as to the request for documents").

Although the exhaustion of administrative remedies is not jurisdictional, exhaustion is a "condition precedent" to filing a lawsuit, and the failure to exhaust "precludes judicial review." *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 138-39 (D.D.C. 2008) (observing that administrative exhaustion is a "condition precedent" to filing suit and dismissing prematurely-filed lawsuit).

Here, OIP issued a final response to the OIP request on December 4, 2024, which was within twenty business days of receipt of the November 8, 2024 request and thus within the applicable statutory period to respond to a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i). The December 4, 2024 letter denied the request as being invalid for lack of reasonable description and undue burden, and thus also had the effect of denying the media fee category status and public interest fee waiver that also were sought as part of the request.

Having made and communicated that final determination, and also having provided appeal rights, the December 4, 2024 letter satisfied the requirements for an "adverse determination" that triggers the requirement to administratively appeal. *See, e.g.*, *CREW v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013). Plaintiff thus was required to administratively appeal that denial of the request before seeking to add a claim based on that request (and any collateral demand for media category status and a fee waiver encompassed within the request) into this lawsuit through the Amended Complaint.

The Department recognizes that Plaintiff originally filed suit on November 22, 2024, prior to the December 4, 2024 determination. But that suit focused solely on OIP's alleged failure to respond to the expedited processing request within the ten-calendar day period applicable to such requests. OIP's alleged failure to timely respond to the request for expedited processing does not absolve Plaintiff of its duty to administratively appeal a timely response to the request itself. *Jud. Watch*, 160 F. Supp. 2d at 113. Because the twenty-business day response period had not expired as of November 22, 2024, no claim based on the request itself was ripe at the time the original Complaint was filed, as Plaintiff recognized by limiting the scope of that pleading to the issue of expedited processing. Accordingly, the only claim that Plaintiff allegedly "was entitled to file on [November 22, 2024] was a request for review of defendant's failure to timely respond to its request for expedited processing," *id.*, and indeed that is the only claim that was filed at that time.[3]

---

[3]     Because the FOIA request failed to reasonably describe the records sought, OIP does not concede that the ten-calendar day period to respond to the request for expedited processing, or the twenty-business day period to respond to the FOIA request, had begun to run upon submission of the request. *See Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *12 ("Because Plaintiff never made a valid FOIA request . . . , Defendant was never required to comply with the time limit[s]" for issuing a determination under the statute). The failure-to-exhaust argument in this section is an alternative argument for dismissal in the event the Court deems the FOIA request to be valid despite its lack of reasonable description and overbreadth.

In sum, OIP timely denied Plaintiff's FOIA request by letter dated December 4, 2024, and Plaintiff did not administratively appeal that denial. The FOIA request to OIP therefore is not properly before this Court and any purported claim in the Amended Complaint based on that request should be dismissed. *See, e.g.*, *Debrew v. Atwood*, 792 F.3d 118, 124 (D.C. Cir. 2015) ("Because DeBrew did not exhaust the administrative remedies available to him before filing suit, we affirm the judgment of the district court with respect to his claim that the BoP did not conduct an adequate search in response to his request for records about the 'DNA Act.'").

And, while Plaintiff's claims based on the expedited processing request arguably may not be subject to this failure to administratively exhaust argument, *see supra* n.3, the December 4, 2024 final determination deprives this Court of jurisdiction over any claim based on the expedited processing request, as any such claim is moot. *See Liberation Newspaper*, 80 F. Supp. 3d at 140 n.2; *see also* 5 U.S.C. § 552(a)(6)(E)(iv).

## II.    Plaintiff's Claims Against the FBI Should Be Dismissed

The claims asserted against the FBI in the Amended Complaint should be dismissed for similar reasons. Any claim against the FBI based on the expedited processing request, the request for media category treatment, and the request for a public interest fee waiver is moot because the FBI has granted those requests. *Hall*, 437 F.3d at 99.

Moreover, any claim based on the FOIA request itself should be dismissed because Plaintiff failed to wait for the expiration of the twenty-business day response period before seeking to add that claim to this suit. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency has twenty business days to provide a final determination on a FOIA request and is entitled to that full period before a requester can seek judicial review. *Heritage Found. v. Dep't of Just.*, 719 F. Supp. 3d 95, 98 (D.D.C. Mar. 5, 2024) (finding that FOIA suit filed at close of business on the twentieth business day was prematurely filed and granting judgment on the pleadings to the agency on that basis).

Plaintiff alleges that it submitted the request on Friday, November 8, 2024, and, omitting weekends and holidays (including Veterans Day and Thanksgiving), the FBI had until the end of December 10, 2024, to provide a final determination, meaning that the earliest Plaintiff could sue based on the FBI request in the absence of a final determination was December 11, 2024.  *Id.* at 98.  By filing an Amended Complaint on December 10, 2024, therefore, Plaintiff prematurely sought to add a claim based on the FBI request.  *Id.* at 99 ("Although Plaintiff[] came close to being 'deemed to have exhausted [its] administrative remedies' under 5 U.S.C. § 552(a)(a)(6)(C)(i), [its] suit is still premature under the plain terms of the statute."); *see also Jud. Watch v. FBI*, Civ. A. No. 01-1216 (RBW), 2002 U.S. Dist. LEXIS 28168, at *14 (D.D.C. July 26, 2002) (dismissal appropriate for prematurely-filed lawsuit even if "the defendant subsequently failed to timely respond to the plaintiff's substantive request for the documents" because "the Court will only consider those facts and circumstances that existed at the time of the filing of the complaint, and not subsequent events, in deciding whether this case must be dismissed").

\*     \*     \*

## CONCLUSION

For the foregoing reasons, this action should be dismissed or, alternatively, summary judgment granted in favor of Defendant.

Dated: January 17, 2025

Respectfully submitted,

BRIDGET M. FITZPATRICK, D.C. Bar #474946
Acting United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Jeremy S. Simon
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*