UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 24-3316 (CRC) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h)(1), Defendant Department of Justice respectfully submits that there exists no genuine issue of material fact as to the following material facts, which support the Court's entry of summary judgment in favor of Defendant for the reasons set forth in the accompanying memorandum.

1. Plaintiff's FOIA request to the Office of Information Policy ("OIP"), dated November 8, 2024, requests the following records from the Office of Special Counsel Jack Smith ("Special Counsel's Office"): "(1) All records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022, during the Office's investigation into potential federal crimes committed by former President Donald Trump; and (2) All sent and received emails stored in the email accounts of [Special Counsel's Office] personnel as of the date of your search, not including emails not directly relevant to the investigation (such as press clippings, [Department of Justice] administrative emails not unique to the [Special Counsel's Office], etc.)." Am. Compl. ¶ 24 (ECF No. 6).

2. By letter dated December 4, 2024, OIP issued a final response, advising that the request was not a valid FOIA request because it failed to reasonably describe the records sought and would be unduly burdensome to process. Ex. C to Brinkmann Decl.; Am Compl. ¶ 30 (ECF No. 6).

3. OIP's December 4, 2024 letter advised the requester that: "Your request seeks all records related to a Department investigation spanning a two-year time period. Based on our preliminary research, just the email portion of your request encompasses at least 450 gigabytes of information, which combined contain approximately 1.7 million items. In addition, I note that your request as currently written includes more than just email records. Your request is so broadly sweeping and lacking in specificity that, combined with the volume of the records it encompasses, it is not reasonably described. If you would like to reframe your request to seek a specific topic of interest, a more tailored timeframe, or another reformulation, please contact this Office." Ex. C to Brinkmann Decl.

4. The December 4, 2024 letter further provided administrative appeal rights if the requester was dissatisfied with the determination set forth in the letter. Ex. C to Brinkmann Decl.

5. Prior to filing its Amended Complaint on December 10, 2024, Plaintiff did not reframe or narrow the request, did not contact OIP's FOIA Public Liaison about potential narrowing, and did not file an administrative appeal of the December 4, 2024 response letter. Brinkmann Decl. ¶¶ 10-12.

6. OIP estimates that, at a minimum, the request would encompass forty terabytes of digital data files, 463 gigabytes of email (including calendars created on Microsoft Outlook), totaling over 1.7 million items, and approximately 100 boxes of paper records. Brinkmann Decl. ¶¶ 16-20.

7. OIP estimates that, even if it devoted its entire FOIA staff to processing the request full time over a five-year period, it would barely make a dent in the volume of records to be processed,

and would divert resources away from the thousands of pending FOIA requests that OIP would be expected to handle during that same period.  Brinkmann Decl. ¶ 21.

8.  With respect to the FBI request, FBI granted the expedited processing request by letter dated December 10, 2024, and granted the requester media category status and a fee waiver by letter dated January 16, 2025.  Letters (Exs. 1 and 2 hereto).

9.  The date of the filing of the Amended Complaint, December 10, 2024, falls on the twentieth business day after November 8, 2024, the date Plaintiff alleges that the OIP and FBI requests were submitted.  Am. Compl. ¶¶ 24, 40 (ECF No. 6).

Dated: January 17, 2025

Respectfully submitted,

BRIDGET M. FITZPATRICK, D.C. Bar #474946
Acting United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Jeremy S. Simon
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*