**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
|    |    |
|---|---|
| LEGAL EAGLE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Civil Action No. 1:24-cv-03316 (CRC) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
_____ )

## DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1.     I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or Department).  In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP – a role I have served in some form since 2008. Prior to becoming Senior Counsel, I served as Counsel to the IR Staff, as an Attorney-Advisor and, from 2003-2008, as a Government Information Specialist (formerly FOIA Specialist) on the IR Staff.  The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the DOJ, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (OPA). Additionally, the IR Staff is responsible for processing FOIA requests seeking records from within the Special Counsel's Office (SCO).

2.       The IR Staff devises appropriate records searches for each FOIA request and determines whether records can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the Department's senior leadership offices and, when appropriate, with other components within the DOJ, as well as with other Executive Branch agencies.

3.       I make the statements herein on the basis of personal knowledge, including my extensive experience with the FOIA, with OIP, and in handling FOIA requests for senior leadership office records, as well as information acquired by me in the course of performing my official duties, including information provided to me by SCO's Records Manager and staff within the Justice Management Division (JMD) who have direct knowledge of the SCO's records.

4.       The purpose of this declaration is to address the scope of Plaintiff's FOIA request to OIP for SCO records and to explain the basis for OIP's determination that the request fails to reasonably describe the records sought and would be unduly burdensome to process.

**Plaintiff's FOIA Request**

5.       On Saturday, November 9, 2024, Plaintiff attempted to submit a FOIA request to OIP using OIP's FOIAStar processing system; however, the system was down and Plaintiff's FOIA request could not be received by OIP's processing system.  On Tuesday, November 12, 2024, Plaintiff submitted a copy of its FOIA request to OIP via the National FOIA Portal and OIP received the request on the same day.  Plaintiff's FOIA request, which was dated November 8, 2024, sought the following information from the Office of Special Counsel Jack Smith (referred to as the "SCO" in the request):  "1) [a]ll records collected, maintained, and stored by the SCO since November 18, 2022, during the Office's investigation into potential federal crimes

committed by former President Donald Trump; and 2) [a]ll sent and received emails stored in the

email accounts of SCO personnel as of the date of your search, not including emails not directly

relevant to the investigation (such as press clippings, DOJ administrative emails not unique to

the SCO, etc.)."  Plaintiff's request states that "[t]he second category is not meant to limit the

first category, but simply to provide more specifics regarding responsive emails."  Plaintiff's

request also states "[a]s the SCO is currently in the process of winding down the two criminal

cases against former President Trump, you may wait until those cases are resolved to begin

reviewing records so that you do not waste time asserting Exemption (b)(7)(A) for information

while the cases are still open."  The request further states that it excludes any records properly

classified prior to November 8, 2024, and "any portions of records discussing confidential legal

advice about the investigation and/or prosecution, as well as any grand jury materials."

Plaintiff's request also sought a fee waiver, news media fee category status, and expedited

processing.  A copy of Plaintiff's FOIA request is attached hereto as Exhibit A.

### Processing of Plaintiff's FOIA Request

6.      Plaintiff's FOIA request was received by OIP on November 12, 2024, and

assigned OIP tracking number FOIA-2025-00458.

7.      On November 22, 2024, Plaintiff filed suit.  *See* Complaint, ECF No. 1.

8.      On November 26, 2024, Plaintiff sent an email to OIP stating that it would "allow

[Defendant] to wait until Jack Smith's report is completed and a decision is made by the

Attorney General whether or not to release it publicly to begin the review process."  Plaintiff

further stated that it would "allow [Defendant] to exclude records from review if they were

publicly disclosed as part of the report."  Plaintiff also clarified the meaning of four exclusions

allowed in its request.  First, Plaintiff stated that it did "not intend[] to limit the scope [of its

3

request] to either the Documents Case or the Elections Case." Second, Plaintiff clarified that its exclusion of "confidential legal advice" applies only to "*portions* which discuss legal advice or were provided to a grand jury." Third, regarding material "properly classified prior to 8 November 2024," Plaintiff similarly explained that "if a document contains one word of properly classified information but the remaining words are unclassified, only the classified word may be excluded, regardless of the fact that the entire document will be marked classified[.]" Fourth, Plaintiff elaborated that "records which have already been made public" may be excluded only if "the *entire* record" was "previously publicly released." A copy of Plaintiff's November 26, 2024, email is attached hereto as Exhibit B.

9.      By letter dated December 4, 2024, OIP issued a final response to Plaintiff's FOIA request. OIP informed Plaintiff that its request did not reasonably describe the records sought because it lacked specificity and was so broad as to encompass millions of records. OIP invited Plaintiff to contact OIP to reframe its request by seeking records on a specific topic or a more tailored timeframe. In addition, OIP's response letter notified Plaintiff that it could contact OIP's FOIA Public Liaison to discuss Plaintiff's request. OIP's letter also informed Plaintiff of its right to administratively appeal this determination to OIP's Administrative Appeals Staff[1] within ninety days of the date of OIP's response to Plaintiff's request. A copy of OIP's December 4, 2024, final response letter is attached hereto as Exhibit C.

10.     To my knowledge, Plaintiff did not reach out to OIP to narrow or reformulate its request, avail itself of OIP's FOIA Public Liaison, or administratively appeal OIP's December 4, 2024, determination.

---

[1] The Administrative Appeals Staff within OIP is responsible for adjudicating FOIA administrative appeals for Department components and is a separate and distinct unit from OIP's IR Staff.

11.     On December 9, 2024, after OIP issued its December 4, 2024 final response to Plaintiff's FOIA request, Plaintiff emailed OIP to supplement its request for expedited processing by citing to a news article.  This email merely supplemented Plaintiff's request for expedited processing and did not provide any narrowing or reformulation of Plaintiff's request, and did not address in any way OIP's December 4, 2024 determination.  A copy of Plaintiff's correspondence is attached hereto as Exhibit D.

12.     On December 10, 2024, Plaintiff filed an amended complaint.  *See* Amended Complaint, ECF No. 6.

13.     OIP and FBI are responsible for responding to FOIA requests for portions of the SCO records collection.  The FBI maintains SCO investigative records in its Central Records System.  The Justice Management Division (JMD), which includes the Department's Office of the Chief Information Officer (OCIO) and Office of Records Management Policy (ORMP), is responsible for maintaining the remainder of the SCO records collection, and OIP is responsible for processing FOIA requests seeking these SCO records.

14.     As set forth in detail below, Plaintiff's FOIA request at issue in this case for all records collected, maintained, or stored by Special Counsel Jack Smith fails to reasonably describe the records sought and would be unduly burdensome to process.  Given the enormity of SCO material maintained by JMD, processing the SCO collection in its entirety would impose an undue burden on OIP, as well as other Department components and Executive Branch entities with which consultation would be needed when processing the SCO records.  This declaration will address the burden presented by Plaintiff's FOIA request to OIP, and does not account for SCO records maintained by the FBI.

**<u>Organization and Volume of SCO Records</u>**

15.     As stated above, OIP is responsible for processing FOIA requests for SCO records other than those maintained by the FBI.  These records are currently in the process of being transferred to JMD.  SCO records fall into three broad categories:  (1) non-email digital data, (2) electronic email records, and (3) paper files.

16.     The volume of the SCO records sought in the OIP request is, simply put, enormous.  OIP has been advised by SCO's Records Manager and JMD that there are, at a minimum, forty[2] terabytes ("TB") of digital data files, 463 gigabytes ("GB") of electronic email records (including emails and calendars created and maintained in Microsoft Outlook), and at least 100 boxes of paper file records.

17.     OIP has been advised by JMD that the forty TB of digital data files include electronic documents saved in various file formats and more than twenty-two million distinct files.

18.     As noted above, there are also 463 GB of electronic email records, which include emails and calendars for all SCO staff.  I have been advised that this record set includes approximately 1.77 million email units, with each unit comprised of a single email or a chain of emails.

19.     Additionally, and as also noted above, there are at least 100 boxes of paper records in the SCO records collection.  I have been advised that these boxes will be inventoried once they are transferred to JMD.  Although an accurate page count cannot be provided for the paper records at this time, typically one records box contains approximately 2,000-2,250 pages. For 100 boxes, this translates to approximately 200,000 to 225,000 pages of paper records.

---

[2] Forty terabytes is a conservative estimate which may not account for up to an additional twenty terabytes of digital data stored in additional SCO records platforms.

20.    In sum, I have been advised that the SCO records collection maintained by JMD consists of at least twenty-two million digital data files, over 1.7 million email units, and hundreds of thousands of pages of paper records. OIP acknowledges that some portions of the SCO records collection may include duplicative material, or audio or video files, some of which will be faster to review than others. Notwithstanding this acknowledgment, it is illustrative that if the SCO records collection was quantified by a page count, a conservative estimate would be that Plaintiff's FOIA request for "[a]ll records collected, maintained, and stored by the SCO" implicates tens of millions of pages of records. Even just a fraction of this volume of records would be too burdensome for OIP to reasonably process.

**Processing All SCO Records Would be Unduly Burdensome**

21.    On its face, Plaintiffs' FOIA request is extraordinarily broad. It seeks virtually every single SCO record which, as described in detail above, implicates an astoundingly large universe of records. It is not reasonably possible for OIP to process this request. The IR Staff must continue to process approximately 1,697 pending FOIA requests received by OIP both before and after Plaintiffs' request was submitted. Some are requests for which expedited processing has been granted and some are subject to processing schedules in this Court. Even if all eighteen of the IR Staff's Government Information Specialists and Attorneys worked full time to process records responsive to Plaintiff's FOIA request for five years at a processing rate of 1,000 pages per month per person, the entire IR Staff would barely make a dent in the enormous volume of records sought by Plaintiff, while thousands of other pending FOIA requests would go unanswered. Processing the entirety of the SCO records collection maintained by JMD would also place significant burdens on other DOJ components and Executive Branch entities with which OIP would need to consult, and which similarly do not have the resources or staff to

handle the volume of incoming consultations associated with these records. The limited carve-outs in Plaintiff's FOIA request, moreover, do not mitigate this burden as it would still be necessary to collect and review the records in the first instance to determine whether any of the exclusions identified by Plaintiff (as clarified by Plaintiff's November 26, 2024, email) would apply.

22.     OIP has explained to the Plaintiff why its request is overly broad and not reasonably described and offered Plaintiff the opportunity to submit a reformulated FOIA request or discuss further with OIP's FOIA Public Liaison.

23.     In summary, it is not reasonably possible for OIP to process Plaintiff's FOIA request as submitted to OIP. To fulfill its statutory duties under the FOIA, OIP's IR Staff must continue to process the approximately 1,697 FOIA requests pending in OIP. Moreover, processing the entire SCO records collection maintained by JMD would likewise strain the resources of other DOJ components and Executive Branch entities with which OIP would need to consult on any and all records containing their equities, consistent with DOJ FOIA regulations. *See* 28 C.F.R. § 16.4(d).

I declare under penalty of perjury that the foregoing is true and correct.

Vanessa R. Brinkmann

Executed this 17th day of January 2025.

Exhibit A

FOIA Request 1670261

The following list contains the entire submission submitted November 12, 2024 09:20:02am ET, and is formatted for ease of viewing and printing.

## Contact information

| | |
|---|---|
| **First name** | Kel |
| **Last name** | McClanahan |
| **Mailing Address** | 4702 Levada Terrace |
| **City** | Rockville |
| **State/Province** | MD |
| **Postal Code** | 20853 |
| **Country** | United States |
| **Phone** | 301-728-5908 |
| **Fax** | 240-681-2189 |
| **Company/Organization** | National Security Counselors |
| **Email** | foia+legaleagle@nationalsecuritylaw.org |

## Request

| | |
|---|---|
| **Request ID** | 1670261 |
| **Confirmation ID** | 1673761 |

**Request description**

On behalf of my client Legal Eagle, LLC, I request from the Office of Special Counsel Jack Smith ("SCO") the following records: 1) All records collected, maintained, and stored by the SCO since November 18, 2022, during the Office's investigation into potential federal crimes committed by former President Donald Trump; and 2) All sent and received emails stored in the email accounts of SCO personnel as of the date of your search, not including emails not directly relevant to the investigation (such as press clippings, DOJ administrative emails not unique to the SCO, etc.). The second category is not meant to limit the first category, but simply to provide more specifics regarding responsive emails. As the SCO is currently in the process of winding down the two criminal cases against former President Trump, you may wait until those cases are resolved to begin reviewing records so that you do not waste time asserting Exemption (b)(7)(A) for information while the cases are still open. You may not, however, wait until those cases are resolved to conduct the search and direct the SCO to preserve all responsive records., including emails. You may exclude from consideration any portions of records discussing confidential legal advice about the investigation and/or prosecution, as well as any grand jury materials. You may also exclude from consideration any portions of records which were properly classified prior to 8 November 2024. You may also exclude from consideration any records which have already been made public. Please release all records in electronic format.

## Supporting documentation

## Fees

**Request category ID**                    media
**Fee waiver**                             yes

| | |
|---|---|
| **Explanation** | Legal Eagle runs the LegalEagle YouTube channel (https://www.youtube.com/legaleagle), which is the most popular long form YouTube channel focused on legal issues--as well as one of the fastest growing educational channels in the world, with more than 3 million subscribers, 15 million monthly views, and nearly 1 billion total video views. Accordingly, Legal Eagle qualifies as a representative of the news media. Furthermore, Legal Eagle intends to use this information to significantly contribute to public understanding about a topic of significant public interest involving the operations or activities of the Government, and it does not have a cognizable commercial interest in these records. It is beyond question that the investigation and prosecution of former President Trump is a topic of significant public interest, especially in light of the fact that the prosecution will not conclude due to former President Trump's re-election for a second non-consecutive term. |

## Expedited processing

| | |
|---|---|
| **Expedited Processing** | yes |
| **Explanation** | This request seeks expedited processing as there is both an urgency to inform the public and it relates to a matter of widespread public interest, and actual government activity. For over two years, the SCO has been conducting an investigation into potential crimes committed by former President Trump. This investigation has already resulted in two criminal cases being brought against former President Trump and numerous other people. The investigation, Mr. Smith, and his team have been the subject of harsh criticism by former President Trump on a near daily basis, and former President Trump has promised to fire Mr. Smith as soon as he takes office again. It is crucial that this information, which will now not be revealed in the normal course of criminal litigation, be released expeditiously to provide the public with insight into whether they can have confidence that former President Trump can satisfactorily execute the duties of his office and would set the record straight as to whether the evidence supported the investigation and prosecutions. |

# Additional information

| | |
|---|---|
| **attachments_supporting_documentation** | |
| **fee_amount_willing** | 0 |

# Exhibit B

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. |
| **To:** | DOJ.OIP.FOIA (SMO); FOIPAQUESTIONS@FBI.GOV |
| **Subject:** | [EXTERNAL] RE: Legal Eagle v. DOJ |
| **Date:** | Tuesday, November 26, 2024 11:13:27 AM |

We modify these requests to also allow OIP and FBI to wait until Jack Smith's report is completed and a decision is made by the Attorney General whether or not to release it publicly to begin the review process. That allowance was absent from the original requests because it was not clear at the time whether a formal report would be written after the criminal cases were wrapped up.

So that the agency understands the intent behind this allowance, this will avoid any unnecessary invocations of Exemption (b)(7)(A), as previously stated, but it will also allow the agency to exclude records from review if they were publicly disclosed as part of the report. For instance, if an FD-302 was attached as an exhibit to the report and publicly disclosed, that FD-302 does not need to be reprocessed again to respond to these requests.

This email also serves to clarify the meaning of the exclusions allowed in the requests. The FBI request stated, "You may exclude from consideration any portions of records discussing confidential legal advice about the investigations and/or prosecutions, as well as any grand jury materials. You may also exclude from consideration any portions of records which were properly classified prior to 8 November 2024. You may also exclude from consideration any records which have already been made public." We clarify four items in this text:

1. The use of the singular "investigation" and "prosecution" in the OIP request was inadvertent and not intended to limit the scope to either the Documents Case or the Elections Case. Both requests are for documents related to both cases, as stated in the FBI request;
2. The provision for "portions of records discussing confidential legal advice about the investigations and/or prosecutions, as well as any grand jury materials" are intended only to apply to the *portions* which discuss legal advice or were provided to a grand jury. As in, if a document exists which includes one paragraph of legal advice, another paragraph of information provided to a grand jury, and a third paragraph which matches neither description, the third paragraph may not be excluded;
3. The provision for "portions of records which were properly classified prior to 8 November 2024" similarly applies only to *portions*. As in, if a document contains one word of properly classified information but the remaining words are unclassified, only the classified word may be excluded, regardless of the fact that the entire document will be marked classified because of the inclusion of that classified word.
4. The provision for "records which have already been made public" applies only to complete records, not portions of records. In order to exclude a record under this provision, the *entire* record must have been previously publicly released.

We believe that these points were clear in the original request and are only including this clarification to avoid unnecessary arguments, since it is in the interest of all parties and the public at large to release this information as soon as possible. I will be happy to further discuss these requests with

your DOJ counsel once someone enters an appearance in the case.

Kel McClanahan

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
301-728-5908

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Friday, November 22, 2024 3:26 PM
**To:** DOJ.OIP.FOIA@usdoj.gov; FOIPAQUESTIONS@FBI.GOV
**Subject:** Legal Eagle v. DOJ

Please be advised that my client has filed a lawsuit in the District of Columbia regarding OIP's and FBI's constructive denial of our requests for expedited processing for OIP FOIA Request No. 1670261 and FBI Request No. 1652028-000. I have attached a courtesy copy of the filed complaint for your records. I will be serving process on DOJ shortly. Because we will be likely asking the Court to expedite its consideration of this case, please relay this message to your respective Offices of General Counsel and ask them to contact me so that we can discuss the forthcoming motion. Thank you.

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
301-728-5908

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

# Exhibit C



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

December 4, 2024

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853                          Re:     FOIA-2025-00458
foia+legaleagle@nationalsecuritylaw.org              DRH:ADF

Dear Kel McClanahan:

This responds to your Freedom of Information Act dated and received in this Office on November 12, 2024, seeking all records associated with the investigation of Special Counsel Jack Smith since November 18, 2022.

Please be advised that the FOIA statute requires requests to be reasonably described to allow agency personnel to conduct an appropriate records search. Your request seeks all records related to a Department investigation spanning a two-year time period. Based on our preliminary research, just the email portion of your request encompasses at least 450 gigabytes of information, which combined contain approximately 1.7 million items. In addition, I note that your request as currently written includes more than just email records. Your request is so broadly sweeping and lacking in specificity that, combined with the volume of the records it encompasses, it is not reasonably described. If you would like to reframe your request to seek a specific topic of interest, a more tailored timeframe, or another reformulation, please contact this Office.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c) (2018). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Valeree Villanueva, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601

-2-

Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

      If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  If possible, please provide a copy of your original request and this letter with your appeal.

      Sincerely,

      Douglas R. Hibbard
      Chief, Initial Request Staff

Exhibit D

| From: | Kel McClanahan, Esq. |
|-------|----------------------|
| To: | DOJ.OIP.FOIA (SMO); FOIPAQUESTIONS@FBI.GOV |
| Subject: | [EXTERNAL] RE: Legal Eagle v. DOJ |
| Date: | Monday, December 9, 2024 2:33:06 PM |

Since no attorney from the Department of Justice has entered an appearance in this case, I am sending this correspondence to the FBI and OIP FOIA offices directly.

We hereby supplement our request that FBI Req. No. 1652028-000 and OIP Req. No. FOIA-2025-00458 receive expedited processing with further evidence of the newsworthy and urgent nature of these requests. On 8 December 2024, former President Trump appeared on *Meet the Press* and stridently criticized the January 6 Committee, saying that members "should go to jail" for their work investigating the attack on the Capitol. This prompted Committee Vice Chair Liz Cheney to issue a press release in response (available at https://mailchi.mp/greattask/cheney-response-to-trump-lies-about-the-jan-6-committee), in which she openly stated: "What the public now deserves to see is the evidence and grand jury material assembled by Special Counsel Smith, including the grand jury testimony of Vice President Pence and members of Donald Trump's former White House and campaign staff. The Justice Department should ensure that all that material is preserved and cannot be destroyed. As much of that information as possible should be disclosed in the Special Counsel's upcoming report. Ultimately, Congress should require that all that material be publicly released so all Americans can see Donald Trump for who he genuinely is and fully understand his role in this terrible period in our nation's history." This statement further supports our entitlement to expedited processing of these requests.

I certify that this and all statements in the requests and subsequent emails are true and correct to the best of my knowledge and belief.

Kel McClanahan

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
301-728-5908

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

_____

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Tuesday, November 26, 2024 11:13 AM
**To:** DOJ.OIP.FOIA@usdoj.gov; FOIAQUESTIONS@FBI.GOV
**Subject:** RE: Legal Eagle v. DOJ

We modify these requests to also allow OIP and FBI to wait until Jack Smith's report is completed and a decision is made by the Attorney General whether or not to release it publicly to begin the review process. That allowance was absent from the original requests because it was not clear at the time whether a formal report would be written after the criminal cases were wrapped up.

So that the agency understands the intent behind this allowance, this will avoid any unnecessary invocations of Exemption (b)(7)(A), as previously stated, but it will also allow the agency to exclude records from review if they were publicly disclosed as part of the report. For instance, if an FD-302 was attached as an exhibit to the report and publicly disclosed, that FD-302 does not need to be reprocessed again to respond to these requests.

This email also serves to clarify the meaning of the exclusions allowed in the requests. The FBI request stated, "You may exclude from consideration any portions of records discussing confidential legal advice about the investigations and/or prosecutions, as well as any grand jury materials. You may also exclude from consideration any portions of records which were properly classified prior to 8 November 2024. You may also exclude from consideration any records which have already been made public." We clarify four items in this text:

1. The use of the singular "investigation" and "prosecution" in the OIP request was inadvertent and not intended to limit the scope to either the Documents Case or the Elections Case. Both requests are for documents related to both cases, as stated in the FBI request;

2. The provision for "portions of records discussing confidential legal advice about the investigations and/or prosecutions, as well as any grand jury materials" are intended only to apply to the *portions* which discuss legal advice or were provided to a grand jury. As in, if a document exists which includes one paragraph of legal advice, another paragraph of information provided to a grand jury, and a third paragraph which matches neither description, the third paragraph may not be excluded;

3. The provision for "portions of records which were properly classified prior to 8 November 2024" similarly applies only to *portions*. As in, if a document contains one word of properly classified information but the remaining words are unclassified, only the classified word may be excluded, regardless of the fact that the entire document will be marked classified because of the inclusion of that classified word;

4. The provision for "records which have already been made public" applies only to complete records, not portions of records. In order to exclude a record under this provision, the *entire*

record must have been previously publicly released.

We believe that these points were clear in the original request and are only including this clarification to avoid unnecessary arguments, since it is in the interest of all parties and the public at large to release this information as soon as possible. I will be happy to further discuss these requests with your DOJ counsel once someone enters an appearance in the case.

Kel McClanahan

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
301-728-5908

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

**From:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Sent:** Friday, November 22, 2024 3:26 PM
**To:** DOJ.OIP.FOIA@usdoj.gov; FOIPAQUESTIONS@FBI.GOV
**Subject:** Legal Eagle v. DOJ

Please be advised that my client has filed a lawsuit in the District of Columbia regarding OIP's and FBI's constructive denial of our requests for expedited processing for OIP FOIA Request No. 1670261 and FBI Request No. 1652028-000. I have attached a courtesy copy of the filed complaint for your records. I will be serving process on DOJ shortly. Because we will be likely asking the Court to expedite its consideration of this case, please relay this message to your respective Offices of General Counsel and ask them to contact me so that we can discuss the forthcoming motion. Thank you.

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It

contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors
Kel@NationalSecurityLaw.org
301-728-5908

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI