UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:24-cv-03316 (CRC) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COMES Plaintiff Legal Eagle, LLC ("Legal Eagle") to respectfully request leave to file its Second Amended Complaint attached hereto.

As explained in the following memorandum, which has been included in this Motion due to its short length, this amended complaint is offered in good faith and not for purpose of delay, but rather to cure one unintentional timing infirmity and provide more recent contextual information regarding the background of the case and the scope of one request (as well as to remove several issues from controversy due to recent developments in the case). Moreover, if leave is granted it will not unfairly prejudice Defendant Department of Justice ("DOJ").

DOJ opposes this Motion. A proposed Order is attached to this Motion.

**Memorandum of Points and Authorities**

In support of this Motion, Legal Eagle relies on Federal Rule of Civil Procedure 15(a)(2), which provides in relevant part that a party may amend its pleading with leave of the Court and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis,* 371 U.S. 178 (1962); *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Legal Eagle has good cause to request leave to amend, it is made in good faith and not for purpose of delay, and if leave is granted it will not unfairly prejudice DOJ. "[N]o unfair prejudice exists simply because a party has to defend against new or better pleaded claims." *See* Baicker-McKee, Janssen and Corr, *Federal Civil Rules Handbook 2011* 541 (Thomson/Reuters/West 2010) (citing *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."), and *Busam Motor Sales v. Ford Motor Co.,* 203 F.2d 469, 472 (6th Cir. 1953) (Rule 15 amendment is not barred simply because it raises new issue of law)). *See also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (undue delay justifies denial of leave to amend only when accompanied by unfair prejudice, bad faith or futility).

The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the Court, but leave "should be freely given unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). According to the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

This amended pleading is being offered for three primary purposes. First, it cures an inadvertent oversight made by the undersigned when he filed the First Amended Complaint, which he did not realize until recently. When calculating the twenty business days during which

he needed to wait before filing a Freedom of Information Act ("FOIA") case under a theory of constructive exhaustion, he neglected to notice that 11 November 2024 was Veterans Day and therefore a federal holiday. Accordingly, he mistakenly filed the First Amended Complaint one day early. However, this was a harmless error with respect to this case, because it only affects the claim which covers the Federal Bureau of Investigation's ("FBI") failure to issue a full substantive response to Legal Eagle's request to that agency. Notably, as of this writing, a full *seven weeks* past the date the First Amended Complaint was filed, FBI has yet to release a single page of responsive records, despite granting Legal Eagle's request for expedited processing. DOJ cannot reasonably claim that one extra day would have made a difference. However, to avoid prolonged briefing about whether the inadvertent lack of administrative exhaustion necessitates dismissal of that count, Legal Eagle is instead offering an amended complaint to cure the deficiency.

The second reason for this amendment is to provide additional background information for the requests at issue in this case, in the form of updating the Court regarding the developments in the two referenced criminal cases against President Trump which are the subject of these requests. Much of this information is only contextual and only serves to crystallize the issues which will need to be adjudicated once DOJ has completed its processing of the requests in question and is seeking summary judgment for all withholdings.

The third reason for this amendment is to incorporate Legal Eagle's response to DOJ's request that it limit the scope of the request, which it did on 10 January 2025. Without conceding that its initial request was overbroad or did not reasonably describe the records sought, Legal Eagle attempted to do just as DOJ asked, narrowing the scope of a broad request down to eleven easily identifiable categories of records and offering to discuss further narrowing of the portion

of the request pertaining to emails. Rather than processing the narrowed request in good faith, DOJ instead took a hardline approach and asked this Court to dismiss the case entirely, never even mentioning the modified scope to which Legal Eagle agreed. This is an argument that the Court does not need to adjudicate, because the scope of that request is no longer as it is portrayed by DOJ, and so this Court would be put in the position of having to decide whether a request was overbroad by only considering its initial formulation and willfully disregarding later attempts to narrow the scope. That would be a waste of the Court's and the parties' time and would not serve judicial economy.

Similarly, there is no undue prejudice to DOJ. In fact, granting leave to amend is especially favored where the proposed changes do not radically reshape the action. *See Smith v. Café Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009). Legal Eagle's only significant additions are "based on essentially the same nucleus of facts supporting Plaintiffs' other claims." *Council on Amer.-Islamic Relations Action Ntwk., Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 328 (D.D.C. 2011). Similarly, Legal Eagle's "proposed amendments do not catch [DOJ] by surprise or radically reshape this action, let alone deprive them of an opportunity to mount a fair defense." *Id.* at 326. *See also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *City of Moundbridge v. Exxon Mobil Co.*, 250 F.R.D. 1, 6 (D.D.C. 2008) ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely.").

## Conclusion

For the foregoing reasons, the Court should grant Legal Eagle's Motion.

Date:   January 31, 2025

                                                    Respectfully submitted,

                                                    /s/ Kelly B. McClanahan
                                                    Kelly B. McClanahan, Esq.
                                                    D.C. Bar #984704
                                                    National Security Counselors
                                                    1451 Rockville Pike
                                                    Suite 250
                                                    Rockville, MD  20852
                                                    501-301-4672
                                                    240-681-2189 fax
                                                    Kel@NationalSecurityLaw.org

                                                    /s/ Devin Stone
                                                    Devin Stone, Esq.
                                                    D.C. Bar #1022055
                                                    Eagle Team, LLP
                                                    1050 Connecticut Avenue, NW
                                                    Suite 5038
                                                    Washington, DC  20036
                                                    833-369-2473
                                                    240-681-2189 fax
                                                    Devin@EagleTeam.law

                                                    *Counsel for Plaintiff*