UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 24-3316 (CRC) |

**MOTION FOR EXTENSION OF TIME TO
ANSWER OR OTHERWISE RESPOND TO SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(1), Defendant, by and through undersigned counsel, moves the Court for an extension of 45 days, to and including May 1, 2025, to answer or otherwise respond to the Second Amended Complaint in this action under the Freedom of Information Act ("FOIA"). As explained more fully below, to the extent the Court determines that the ongoing efforts and those that remain to be taken to attempt a conferral on the issue of narrowing that forms the basis for the requested 45-day extension are not necessary before Defendant responds to the Second Amended Complaint, Defendant in the alternative seeks a shorter extension as stated below.

Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for Plaintiff by email on March 13, 2025, to obtain his position on the alternative relief requested in this motion. By return email on the afternoon of March 14, 2025, counsel for Plaintiff advised that Plaintiff takes "no position at this point on the motion but will file an opposition or statement of non-opposition by Monday once the motion is filed."

As grounds for the requested extension, Defendant states as follows.

1.      This action was filed on November 22, 2024, and involves two FOIA requests allegedly submitted by Plaintiff on November 8, 2024, one directed to the Federal Bureau of Investigation ("FBI") and one directed to the Department's Office of Information Policy ("OIP"). The latter request to OIP seeks "(1) All records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022, during the Office's investigation into potential federal crimes committed by former President Donald Trump; and (2) All sent and received emails stored in the email accounts of [Special Counsel's Office] personnel as of the date of your search, not including emails not directly relevant to the investigation (such as press clippings, [Department of Justice] administrative emails not unique to the [Special Counsel's Office], etc.)."

2.      Plaintiff filed an "Amended Complaint" on December 10, 2024, and, following an extension, on January 17, 2025, Defendant filed a motion to dismiss or, alternatively, for summary judgment on the basis that Plaintiff had failed to exhaust administrative remedies and that the request to OIP was not reasonably descriptive and was overly broad. On January 31, 2025, Plaintiff filed a motion for leave to file a Second Amended Complaint and to stay briefing on the pending dispositive motion. The proposed Second Amended Complaint referenced a narrowing proposal that Plaintiff had made on January 10, 2025, with respect to the first part of the OIP request, whereby Plaintiff proposed to limit the non-email portion of the request to eleven described categories of information.

3.      The Court held a status conference on February 13, 2025, orally granted Plaintiff's motion for leave to amend and issued an oral order striking the outstanding motions. During the status conference, the Court encouraged the parties to confer on Plaintiff's narrowing proposal before Defendant responded to the Second Amended Complaint and afforded Defendant thirty

days to file that response. Based on the Court's oral rulings, Defendant understands that its response to the Second Amended Complaint is due on March 17, 2025.

4. Defendant requests a 45-day extension of its responsive pleading deadline because it requires additional time to evaluate the voluminous amount of data responsive to the non-email first part of the OIP request before it is in a position to provide a response to Plaintiff's narrowing proposal, to the extent a meaningful response is possible given the volume of data (as explained more fully below).[1] Plaintiff has not submitted a narrowing proposal with respect to the second part of the OIP request seeking emails and thus there is no pending proposal on that part to which Defendant can respond. OIP has confirmed that there are at least 1.7 million items responsive to the second part of the request as currently framed.

5. As to the non-email records, OIP needs time to assess the narrowing proposal for these records and to determine which, if any, of the eleven categories Plaintiff is now proposing to seek are reasonably described and not too voluminous to process. OIP only obtained access to the electronic portion of the non-email records last week, and the volume is even greater than initially reported in the dispositive motion. OIP has confirmed that these records consist of 53.8 terabytes, comprising 403,765 folders and 17,740,323 files. To date, however, OIP does not yet have the ability to conduct searches in this data to effectively or efficiently determine the volume of documents that might potentially be responsive to each of the 11 categories of records in Plaintiff's proposal. Furthermore, the paper records, which consist of approximately 100 boxes, are currently being indexed and, accordingly, OIP likewise is not yet in a position to determine the

---

[1] Any such response by Defendant would be subject to, and without waiver, of the position asserted in the previously filed dispositive motion, including that the FOIA request to OIP is not properly before the Court and is not a valid FOIA request. Defendant continues to reserve all rights in that regard, including the right to renew its dispositive motion in response to the Second Amended Complaint.

volume of paper records that may be responsive to the eleven categories in Plaintiff's narrowing proposal.

6.Accordingly, to the extent the Court continues to encourage the parties to attempt to narrow the OIP request before Defendant responds to the Second Amended Complaint, Defendant requests an extension of its responsive pleading deadline to May 1, 2025. If, based on the above, the Court no longer believes that narrowing discussions are necessary before Defendant responds to the Second Amended Complaint, Defendant would request a two-week extension, to and including March 31, 2025, to respond to the Second Amended Complaint to account for, among other things, other deadlines in undersigned counsel's schedule (including an opposition to a motion for preliminary injunction due on March 14, 2025, and a hearing on that motion scheduled for March 27, 2025).

7.A proposed order is attached.

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: /s/ Jeremy S. Simon
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*