UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-03316 (CRC) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE
RESPOND TO SECOND AMENDED COMPLAINT**

On 13 February 2025, the Court encouraged the parties to negotiate on the scope of the Freedom of Information Act ("FOIA") request to the Office of Information Policy ("OIP") before Defendant Department of Justice ("DOJ") filed its Answer or otherwise responded to Plaintiff's Second Amended Complaint, and it gave DOJ thirty days to file its response to give it time to negotiate in good faith.

Instead, DOJ completely squandered that gift. On 13 March, four days before its filing deadline, DOJ finally contacted the undersigned, but only to ask for more time. DOJ has explained in its motion why it believes that it needs more time, but it has completely failed to explain *why* the problems of which it complains happened in the first place. For instance, DOJ complains that "OIP only obtained access to the electronic portion of the non-email records last week" (Def.'s Mot. Ext. Time Answer or Otherwise Resp. 2d Am. Compl., Dkt. #13, at 3 (filed Mar. 14, 2025) [hereinafter DOJ's Mot.].) But it gives no explanation for why OIP took so long to obtain access to electronic records from an office which was closed in January, especially when it knew that it was facing a court-ordered deadline.

This is not to say that Plaintiff is not sympathetic to DOJ's predicament, and in fact Plaintiff largely consents to DOJ's requested extension. However, Plaintiff maintains that the Court should attach a few conditions to its order, to better reflect the reality of the situation in this case.

First, while DOJ laments its inability "to effectively or efficiently determine the volume of documents that might potentially be responsive to each of the 11 categories of records Plaintiff's proposal" (*id.*), simply giving it more time to do so ignores what those eleven categories *are*. Specifically, while some of the categories *are* somewhat large, such as "[a]ll records explicitly cited in the final report" and "[a]ll records exchanged between the [Special Counsel's Office] and [various third parties]" (2d Am. Compl., Dkt. #11-1, ¶ 37 (filed Jan. 31, 2025)), others are significantly narrower. One in particular is literally only one record: Volume 2 of the final report. And there is no chance that Plaintiff will agree that *the final report* may be excluded from the request. For that reason, the Court should not simply allow DOJ additional "time to assess the narrowing proposal for these records and to determine which, if any, of the eleven categories . . . are reasonably described and not too voluminous to process." OIP is a large office with a large number of FOIA analysts, and there is no reason that it should wait to process *any* records until it has decided how it wants to treat *all* of them. Plaintiff therefore respectfully requests that the Court order OIP to immediately process Volume 2 of the final report—which it has had access to for over two months—in parallel to any review and estimation work it is doing regarding the other ten categories.

Second, by the same token, the estimated volume of responsive records has no bearing on whether Plaintiff is entitled to expedited processing, classification as a news media requester, and a public interest fee waiver, and the deadline for making those decisions has undeniably

2

passed. Plaintiff accordingly respectfully asks this Court to explicitly direct OIP to make a decision on Plaintiff's expedited processing request by 28 March 2025 and make its fee-related decisions well before it files its Answer or otherwise responds to the Second Amended Complaint so that Plaintiff will expressly have the option of seeking a preliminary injunction or summary judgment on those issues soon after DOJ files its response.

       A proposed Order accompanies this Response.

Date:   March 18, 2025

                                                 Respectfully submitted,

                                                 /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan, Esq.
                                                D.C. Bar #984704
                                                National Security Counselors
                                                1451 Rockville Pike
                                                Suite 250
                                                Rockville, MD  20852
                                                501-301-4672
                                                240-681-2189 fax
                                                Kel@NationalSecurityLaw.org

                                                *Counsel for Plaintiff*