UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 24-3316 (CRC) |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO SECOND AMENDED COMPLAINT**

  Defendant has moved the Court for an extension of 45 days, to and including May 1, 2025, to answer or otherwise respond to the Second Amended Complaint in this action under the Freedom of Information Act ("FOIA"). ECF No. 13. Moreover, to the extent the Court determines that the ongoing efforts and those that remain to be taken to attempt a conferral on the issue of narrowing that forms the basis for the requested 45-day extension are not necessary before Defendant responds to the Second Amended Complaint, Defendant in the alternative seeks a shorter extension as explained in its motion. *Id.*

  Plaintiff filed a response consenting to the extension request but asked the Court as part of Plaintiff's consent to "attach a few conditions" to the extension order. Resp. (ECF No. 14) at 2. Those conditions are: (1) that Defendant shall immediately begin processing for release Volume II of the Final Report from the Office of Special Counsel Jack Smith ("the SCO"); (2) that Defendant shall issue a determination on Plaintiff's request for expedited processing no later than March 28, 2025; and (3) that Defendant shall issue a determination on Plaintiff's requests for

classification as a representative of the news media and for a public interest fee waiver prior to filing its Answer or otherwise responding to the Second Amended Complaint.  *Id.* at 2-3.

There is no basis, however, for the Court to impose the requested conditions.  As a threshold matter, there remain significant defenses (as set forth in Defendant's previously-filed dispositive motion) that the Court would need to resolve before the Court could address the "conditions" requested by Plaintiff.  Those defenses include (1) whether Plaintiff's FOIA request to the Office of Information Policy ("OIP") is even a valid request, given the lack of a reasonable description and undue burden to process, (2) whether Plaintiff failed to exhaust administrative remedies by failing to file an administrative appeal after receiving OIP's December 4, 2024, final response letter, and (3) whether OIP's final response letter renders moot Plaintiff's expedited processing and media classification/public interest fee waiver requests.  Def. Mot. (ECF No. 9) at 8-18.  Defendant expects to raise these defenses in its response to the Second Amended Complaint, which may be in the form of a renewed motion to dismiss or, alternatively, for summary judgment.  The Court, therefore, should not pre-judge those issues in the context of an extension request.

OIP also observes that Volume II of the Final Report from the SCO referenced in Plaintiff's opposition, and which is the focus of one of the "conditions," is still subject to a court order prohibiting its release.  *See United States v. Nauta*, --- F. Supp. 3d ---, 2025 WL 252641, at *6 (S.D. Fl. Jan. 21, 2025) (enjoining the Department "from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof").

Finally, OIP has not "squandered" time, as Plaintiff wrongly suggests. Resp. (ECF No. 14) at 1. The SCO closed in late January 2025. The SCO records manager then spent several weeks organizing and preparing the records for transfer to the Department's Justice Management Division ("JMD"). That final preparation of the records for transfer was not completed until the end of February. During that time, the remaining SCO employee and JMD worked to organize and label loose SCO paper records. Accordingly, the SCO records were not transferred to JMD until the end of February and OIP gained access during the first week of March. As described in detail in Defendant's previously-filed dispositive motion, the SCO records collection is massive, with over 1.7 million email items, 40 terabytes of other digital files, and approximately 100 boxes of paper records. *See* Def. Mot. (ECF No. 9) at 10. For comparison, OIP states that the records collection from the Office of Special Counsel Robert Mueller included thirteen terabytes of other digital files. The SCO records collection represents an unusually large volume of records that is more than three times the size of the Mueller records collection. A records collection of this size requires time to carefully process, organize, index, and upload into eDiscovery software. As discussed above, over the past two months since the SCO closed, JMD has worked diligently to prepare the SCO records collection for FOIA processing and review.

For the above reasons, the Court should not impose any conditions on the granting of Defendant's extension request.

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530

(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*