UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-3316 (CRC)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR EXTENSION OF TIME TO
ANSWER OR OTHERWISE RESPOND TO SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(1), Defendant, by and through undersigned counsel, moves the Court for a further extension, to and including June 11, 2025, to answer or otherwise respond to the Second Amended Complaint in this action under the Freedom of Information Act ("FOIA").

Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for Plaintiff by email on April 29, 2025, to obtain his position on the relief requested in this motion. By return email, Plaintiff advised that he would oppose an extension to June 11, 2025, but would agree to an initial extension to May 16, 2025, with the possibility of revisiting whether a further extension would be warranted at that time. Defendant does not believe that May 16 would afford sufficient time to confer, and also does not believe that a piecemeal approach to extension requests is an efficient manner for the Court or the parties to proceed. As grounds for the requested extension to June 11, 2025, Defendant states as follows:

    1.    This action was filed on November 22, 2024, and involves two FOIA requests allegedly submitted by Plaintiff on November 8, 2024, one directed to the Federal Bureau of

Investigation ("FBI") and one directed to the Department of Justice Office of Information Policy ("OIP").  The latter seeks "(1) All records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022, during the Office's investigation into potential federal crimes committed by former President Donald Trump; and (2) All sent and received emails stored in the email accounts of [Special Counsel's Office] personnel as of the date of your search, not including emails not directly relevant to the investigation (such as press clippings, [Department of Justice] administrative emails not unique to the [Special Counsel's Office], etc.)."

2. Plaintiff filed an "Amended Complaint" on December 10, 2024, and, following an extension, on January 17, 2025, Defendant filed a motion to dismiss or, alternatively, for summary judgment on the bases that Plaintiff had failed to exhaust administrative remedies and the request to OIP was not reasonably descriptive and was overly broad.  On January 31, 2025, Plaintiff moved for leave to file a Second Amended Complaint and to stay briefing on the pending dispositive motion.  The proposed Second Amended Complaint referenced a narrowing proposal that Plaintiff had made on January 10, 2025, with respect to the first part of the OIP request, whereby Plaintiff proposed to limit the non-email portion of the request to eleven described categories of information.

3. The Court held a status conference on February 13, 2025, orally granted Plaintiff's motion for leave to amend, and issued an oral order striking the outstanding motions.  During the status conference, the Court encouraged the parties to confer on Plaintiff's narrowing proposal before Defendant responded to the Second Amended Complaint and afforded Defendant thirty days to file that response.  Based on the Court's oral rulings, Defendant's response to the Second Amended Complaint was due on March 17, 2025, but that deadline was extended to May 1, 2025, following an extension motion by Defendant.  *See* March 25, 2025 Minute Order.  As noted in

that motion, OIP first gained access to portions of the Special Counsel's Office's ("SCO-Smith") electronic files during the week prior to Defendant's filing deadline.  *See* Mot. (ECF No. 13) ¶ 5.

4. Since the Court granted Defendant's extension motion, OIP has taken steps to review Plaintiff's narrowing proposal and move this matter forward, but additional time is needed. First, OIP has continued to work with Department officials to gain access to the full volume of SCO-Smith material.  Second, OIP has worked to gain an understanding of the Department's interpretation of the scope of the nationwide injunction issued by Judge Aileen Cannon of the United States District Court for the Southern District of Florida regarding Volume II of the final SCO-Smith report.  Third, OIP has manually searched through some of the nearly 500,000 SCO-Smith electronic folders to attempt to identify search locations for records responsive to all eleven categories of information in Plaintiff's January 10, 2025 narrowing proposal for the first part of the OIP request as to non-email records.  This initial search was conducted to determine which categories in the narrowing proposal are reasonably described and which require further clarification or narrowing.  Fourth, by email dated April 29, 2025, OIP, through counsel, sent a narrowing proposal for the first part of the OIP request as to non-email records (in response to the eleven categories of information in Plaintiff's January 10, 2025 narrowing proposal) and notified Plaintiff that OIP is still awaiting a narrowing proposal from Plaintiff regarding the second part of the OIP request, namely, the portion that seeks emails.[1]

5. Accordingly, additional time is needed for the parties to confer regarding OIP's narrowing proposal, and to the extent Plaintiff still intends to send a narrowing proposal regarding

---

[1] OIP's narrowing proposal was made subject to, and without waiver of, the position asserted in the previously-filed dispositive motion, including that the FOIA request to OIP is not properly before the Court and is not a valid FOIA request.  Defendant continues to reserve all rights in that regard, including the right to renew its dispositive motion in response to the Second Amended Complaint.

the email portion of the OIP request, OIP anticipates requiring additional time to review and respond to that proposal. Defendant submits that affording sufficient time for the parties to confer will benefit this litigation and the Court by waiting until it is clearer as to which matters will warrant judicial attention.

      6.      A proposed order is attached.

> Respectfully submitted,
>
> EDWARD R. MARTIN, JR., D.C. Bar #481866
> United States Attorney
>
> By: */s/ Jeremy S. Simon*
> JEREMY S. SIMON, D.C. BAR #447956
> Assistant United States Attorney
> 601 D. Street, N.W.
> Washington, D.C. 20530
> (202) 252-2528
> Jeremy.Simon@usdoj.gov
>
> *Attorneys for the United States of America*