UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>          Defendant. | Civil Action No. 24-3316 (CRC) |

**MOTION TO DISMISS IN PART OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT IN PART AND SUPPORTING MEMORANDUM THEREOF**

Defendant United States Department of Justice (the "Department"), by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) to dismiss this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action as it relates to the FOIA request directed to the Department's Office of Information Policy ("OIP") for the reasons set forth below. The Department also moves in the alternative for summary judgment under Rule 56 with respect to that request.

**BACKGROUND**

The Second Amended Complaint, consisting of three counts, asserts claims under FOIA based on two FOIA requests allegedly submitted by Plaintiff on November 8, 2024,[1] one directed

---

[1]  Defendant maintains that the FOIA requests were not submitted on November 8, 2024 as alleged but on a later date. However, the difference in date is immaterial to the arguments for dismissal addressed below and, accordingly, this motion utilizes the November 8, 2024 date alleged by Plaintiff.

to OIP (counts one and two) and one directed to the Federal Bureau of Investigation ("FBI") (count three).  This motion is addressed to the first two counts which pertain to the OIP request.[2]

The request to OIP seeks the following records of the Office of Special Counsel Jack Smith ("Special Counsel's Office"): "'(1) All records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022, during the Office's investigation into potential federal crimes committed by former President Donald Trump; and (2) All sent and received emails stored in the email accounts of [Special Counsel's Office] personnel as of the date of your search, not including emails not directly relevant to the investigation (such as press clippings, [Department of Justice] administrative emails not unique to the [Special Counsel's Office], etc.).'" 2d. Am. Compl. (ECF No. 11-1) ¶ 27.  The request also sought expedited processing, classification of Plaintiff as a representative of the news media, and a public interest fee waiver for the cost of processing and producing responsive records (the FBI request also included similar language). *Id.* ¶ 33.

Plaintiff filed this lawsuit on November 22, 2024, asserting two counts based solely on OIP's (and FBI's) alleged failure to respond to the expedited processing request within the ten-calendar day period set forth in section 552(a)(6)(E)(ii)(I) for responding to such requests.  Compl. (ECF No. 1) ¶¶ 20-39.  On November 26, 2024, Plaintiff advised OIP and FBI that it had "modif[ied]" the requests to "'allow OIP and FBI to wait until Jack Smith's report is completed and a decision is made by the Attorney General whether or not to release it publicly to begin the review process.'" 2d. Compl. (ECF No. 11-1) ¶ 30.

---

[2]   Because this filing constitutes a response to the operative Complaint under Rule 12, the Department—which is the sole named defendant—is not filing an Answer with respect to the portion of Plaintiff's pleading related to the FBI request.  As to that request, the Department reserves all defenses, including that the request to the FBI is overly broad and not a valid FOIA request, which will be addressed, if necessary, at an appropriate time.

On December 4, 2024, within the applicable twenty-business day period under 5 U.S.C. § 552(a)(6)(A)(i) to respond to the FOIA request itself, OIP issued a final determination to Plaintiff advising that the request to OIP was invalid because it failed to reasonably describe the records sought and would be unduly burdensome to process. Am. Compl. (ECF No. 6) ¶ 30. The December 4, 2024 letter specifically advised Plaintiff that:

> Your request seeks all records related to a Department investigation spanning a two-year time period. Based on our preliminary research, just the email portion of your request encompasses at least 450 gigabytes of information, which combined contain approximately 1.7 million items. In addition, I note that your request as currently written includes more than just email records. Your request is so broadly sweeping and lacking in specificity that, combined with the volume of the records it encompasses, it is not reasonably described. If you would like to reframe your request to seek a specific topic of interest, a more tailored timeframe, or another reformulation, please contact this Office.

Letter (Ex. C to Second Brinkmann Decl.). The December 4, 2024 letter further provided administrative appeal rights if Plaintiff was dissatisfied with this final determination. *Id.*

Plaintiff did not reframe the request or submit an administrative appeal, Second Brinkmann Decl. ¶ 10, but, instead, on December 10, 2024, filed a pleading entitled "Amended Complaint" to add claims based on events that occurred after this action was filed on November 22, 2024. Am. Compl. (ECF No. 6). Specifically, in count I, the Amended Complaint asserted a claim based on OIP's denial of the request on December 4, 2024. Am. Compl. (ECF No. 6) at 4; *id.* ¶ 31. That claim also encompassed Plaintiff's demand contained within the request to be classified as a representative of the news media and to receive a public interest fee waiver. *Id.* In count II, the Amended Complaint asserted a claim against OIP for denial of the expedited processing request. *Id.* ¶¶ 32-38.[3]

---

[3] The Amended Complaint asserted similar claims against the FBI in counts III and IV. On December 10, 2024, the FBI issued a decision granting the expedited processing request, and, on

On January 17, 2025, the Department moved to dismiss the Amended Complaint or, alternatively, for summary judgment. Mot. (ECF No. 9). Plaintiff moved for leave to file a Second Amended Complaint and to stay briefing on the Department's motion. Pl. Motions (ECF Nos. 11-12). The proposed Second Amended Complaint referenced a narrowing proposal that Plaintiff had made on January 10, 2025, with respect to the first part of the OIP request, whereby Plaintiff proposed to limit the non-email portion of the request to eleven described categories of information. The narrowing proposal did not address the email portion of the OIP request.

On January 17, 2025, prior to filing its dispositive motion, OIP, through counsel, had responded to that narrowing proposal that "as will be addressed more fully in Defendant's [forthcoming] motion to dismiss . . . , the OIP request is not properly before the Court" and "[c]onsequently, any narrowing of the request should occur through the administrative process, in which you can make a new, narrowed FOIA request and avail yourself of OIP's FOIA Public Liaison for any questions about making that request." Ex. 1, Email (Jan. 17, 2025). The response also noted that "OIP's December 4, 2024 final determination had advised the same, specifically, that '[i]f you would like to reframe your request to seek a specific topic of interest, a more tailored timeframe, or another reformulation, please contact this Office.'" *Id.*[4]

The Court held a status conference on February 13, 2025, orally granted Plaintiff's motion for leave to amend and issued an oral order striking the outstanding motions. During the status

---

January 16, 2025, the FBI advised Plaintiff that it would be classified as a representative of the news media and that the FBI would grant Plaintiff a fee waiver. 2nd Am. Compl. (ECF No. 11-1) ¶¶ 61-62. Accordingly, the Second Amended Complaint only asserts a single count against the FBI (count three) based on an alleged failure to respond to the FOIA request to the FBI.

[4]   The Second Amended Complaint mischaracterizes this response by stating "[o]n 17 January 2025, DOJ's counsel responded to this message, stating that OIP continued to refuse to process Legal Eagle's request." 2d Am. Compl. (ECF No. 11-1) ¶ 39.

conference, the Court encouraged the parties to confer on Plaintiff's narrowing proposal before the Department responded to the Second Amended Complaint and afforded the Department thirty days to file that response. That response deadline was later extended to May 1, 2025, and again to June 11, 2025. Minute Order (Mar. 25, 2025); Minute Order (May 6, 2025). In the Court's minute order dated May 6, 2025, the Court stated that "[f]urther requests to extend this deadline will be disfavored."

On April 29, 2025, OIP, through counsel, responded to Plaintiff's narrowing proposal by sending a counterproposal to Plaintiff, which responded to all eleven categories of non-email records described in Plaintiff's January 10, 2025 narrowing proposal. Second Brinkmann Decl. ¶ 15. Further, OIP notified Plaintiff that it was still awaiting a narrowing proposal from Plaintiff regarding the second part of the OIP request, which sought all emails sent or received by all Special Counsel Office personnel. *Id*. Additionally, OIP continued to reserve its right to renew its motion to dismiss if an agreement between the parties could not be reached. *Id*.; Mot. (ECF No. 16) at 3 n.1. As of the date of this motion, OIP has no record of any response being provided by Plaintiff to its April 29, 2025 narrowing proposal or of any narrowing proposal from Plaintiff regarding the second part of the OIP request. Second Brinkmann Decl. ¶ 16.

## LEGAL STANDARDS

Rule 12(b)(1) provides that a federal court must dismiss a case when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "'[b]efore a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'" *Cornish v. Dudas*, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)). It is the plaintiff's burden to demonstrate subject matter jurisdiction. *Shulter v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). If a plaintiff cannot meet his burden, the court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

In considering a motion to dismiss for lack of subject matter jurisdiction, a court "'treat[s] the complaint's factual allegations as true'" and "'grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Nat'l Whistleblower Ctr. v. Dep't of Health & Hum. Servs.*, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). That said, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]" *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

Rule 12(b)(6) governs dismissal of a case for failure to state a claim upon which relief can be granted. To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving such a motion to dismiss, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *Sykes v. Dudas*, 573 F. Supp. 2d 191, 198 (D.D.C. 2008). However, a district court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* at 198-99. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, the court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Thus, a plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 668 (quoting *Twombly*,

550 U.S. at 557 (internal quotation marks omitted)). The focus is on the language in the complaint and whether the complaint sets forth sufficient factual allegations to plausibly support the claims for relief. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (internal citations omitted).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that there "is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether a genuine issue of material fact exists, the Court must make all inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment. *Celotex*, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50.

## ARGUMENT

As discussed below, all claims based on the OIP request should be dismissed for two independent reasons. First, Plaintiff failed to administratively appeal OIP's final determination letter of December 4, 2024, and thus failed to exhaust administrative remedies before seeking judicial review. That letter also moots any claim based on the request to expedite the OIP request. *Liberation Newspaper v. Dep't of State*, 80 F. Supp. 3d 137, 140 n.2 (D.D.C. 2015) ("Under 5 U.S.C. § 552(a)(6)(E)(iv), a court lacks subject matter jurisdiction 'to review an agency denial of

expedited processing of a request for records after the agency has provided a complete response to the request.'"). Second, OIP properly determined in its December 4, 2024, letter that the OIP request failed to reasonably describe the records sought or would be unduly burdensome to process and thus was not a valid FOIA request to which OIP was obligated to respond. Each of these grounds for dismissal is addressed below.

### I.       Plaintiff Failed to Administratively Appeal the December 4, 2024 Denial.

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request," and "courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (citing 5 U.S.C. §§ 552(a)(6)(A)(i), (ii) and cases). Although exhaustion under FOIA is not jurisdictional, it nonetheless is an important "'jurisprudential doctrine'" that must be enforced, because the requester's failure to exhaust precludes judicial review "if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance." *Bloomgarden v. Dep't of Just.*, 10 F. Supp. 3d 146, 151 (D.D.C. 2014).

Exhaustion is required both for a FOIA request as a whole as well as for each aspect of the agency's processing of a request. Thus, a plaintiff may have exhausted administrative remedies with regard to one aspect of the agency's processing of a FOIA request, and yet not have exhausted all remedies with respect to another aspect. In such cases, "[i]t is appropriate for the Court to consider only those aspects of plaintiff's request which he properly exhausted." *Kenney v. Dep't of Just.*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009). Likewise, a lawsuit can present exhausted and unexhausted claims, with the latter properly subject to dismissal. *Hall & Assoc. v. EPA*, 77 F. Supp. 3d 40, 48 n.7 (D.D.C. 2014) (limiting lawsuit only to claims that were administratively exhausted and dismissing claims that were not exhausted). That is the situation alleged here, where

Plaintiff has, according to its allegations, administratively exhausted its now moot request for expedited processing but failed to exhaust any other aspect of its FOIA claims against OIP by failing to administratively appeal the December 4, 2024 denial letter before burdening this Court. *Compare Citizens for Resp. and Ethics in Wash. v. Dep't of Just.*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (a plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request) *with Jud. Watch v. Naval Observ.*, 160 F. Supp. 2d 111, 113 (D.D.C. 2001) (agency's "earlier failure to timely respond to the request for expedited processing is not equivalent to constructive exhaustion of administrative remedies as to the request for documents").

Although the exhaustion of administrative remedies is not jurisdictional, exhaustion is a "condition precedent" to filing a lawsuit, and the failure to exhaust "precludes judicial review." *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 138-39 (D.D.C. 2008) (observing that administrative exhaustion is a "condition precedent" to filing suit and dismissing prematurely-filed lawsuit). Here, OIP issued a final response to the OIP request on December 4, 2024, which was within twenty business days of receipt of the November 8, 2024 request and thus within the applicable statutory period to respond to a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i). The December 4, 2024 letter denied the request as being invalid for lack of reasonable description and for posing an undue burden, and thus also had the effect of denying the media fee category status and public interest fee waiver that also were sought as part of the request.

Having made and communicated that final determination, and also having provided appeal rights, the December 4, 2024 letter satisfied the requirements for an "adverse determination" that triggers the requirement to administratively appeal. *See, e.g.*, *CREW v. FEC*, 711 F.3d 180, 186

(D.C. Cir. 2013). Plaintiff thus was required to administratively appeal that denial of the request before seeking to add a claim based on that request (and any collateral demand for media category status and a fee waiver encompassed within the request) into this lawsuit through the Amended Complaint and to restate that claim in the Second Amended Complaint.

The Department recognizes that Plaintiff originally filed suit on November 22, 2024, prior to the December 4, 2024 determination. But that suit focused solely on OIP's alleged failure to respond to the expedited processing request within the ten-calendar day period applicable to such requests. OIP's alleged failure to timely respond to the request for expedited processing does not absolve Plaintiff of its duty to administratively appeal a timely response to the request itself. *Jud. Watch*, 160 F. Supp. 2d at 113. Because the twenty-business day response period had not expired as of November 22, 2024, no claim based on the request itself was ripe at the time the original Complaint was filed, as Plaintiff recognized by limiting the scope of that pleading to the issue of expedited processing. Accordingly, the only claim that Plaintiff allegedly "was entitled to file on [November 22, 2024] was a request for review of defendant's failure to timely respond to its request for expedited processing," *id.*, and indeed that is the only claim that was filed at that time.[5]

In sum, OIP timely denied Plaintiff's FOIA request by letter dated December 4, 2024, and Plaintiff did not administratively appeal that denial. The FOIA request to OIP therefore is not

---

[5] Because the FOIA request failed to reasonably describe the records sought (as addressed below), OIP does not concede that the ten-calendar day period to respond to the request for expedited processing (or the twenty-business day period to respond to the FOIA request) had begun to run upon submission of the request. *See Frost Brown Todd LLC v. Ctrs. for Medicare and Medicaid Servs.*, Civ. A. No. 21-2784 (TSC), 2024 U.S. Dist. LEXIS 19303, at *12 (D.D.C. Feb. 5, 2024) ("Because Plaintiff never made a valid FOIA request . . . , Defendant was never required to comply with the time limit[s]" for issuing a determination under the statute). The failure-to-exhaust argument in this section is an independent basis for dismissal in the event the Court deems the FOIA request to be valid despite its lack of reasonable description and overbreadth.

properly before this Court, and any purported claim in the Second Amended Complaint based on that request should be dismissed. *See, e.g.*, *Debrew v. Atwood*, 792 F.3d 118, 124 (D.C. Cir. 2015) ("Because DeBrew did not exhaust the administrative remedies available to him before filing suit, we affirm the judgment of the district court with respect to his claim that the BoP did not conduct an adequate search in response to his request for records about the 'DNA Act.'").

Further, although Plaintiff's claims based on the expedited processing request arguably may not be subject to this failure to administratively exhaust argument, *but see supra* n.5, the December 4, 2024 final determination deprives this Court of jurisdiction over any claim based on the expedited processing request, as any such claim is moot. *See Liberation Newspaper*, 80 F. Supp. 3d at 140 n.2; *see also* 5 U.S.C. § 552(a)(6)(E)(iv).

## II.     Plaintiff Did Not Submit A Valid Request To OIP.

To the extent it is directed to the OIP request, the Second Amended Complaint also should be dismissed on the basis that the underlying request is impermissibly broad and so sweeping that it does not constitute a valid FOIA request. Because the request's invalidity can be assessed from the face of Plaintiff's pleading and other documents incorporated into it by reference, this issue can be resolved on a motion to dismiss. *Am. Ctr. for Law & Justice v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 88 (D.D.C. 2021) (dismissing complaint without prejudice on the basis that the FOIA request on its face failed to reasonably describe the records sought); *Frost Brown Todd,* 2024 U.S. Dist. LEXIS 19303, at *10 ("By requiring that a plaintiff make a valid request and the defendant withhold records to exhaust administrative remedies, . . . FOIA *requires* courts to analyze whether a valid request was made—and thus, whether a request reasonably describes the records sought—at the motion to dismiss stage"; granting dismissal on the basis that the request was invalid). However, to the extent the Court determines that the accompanying declaration is necessary to resolve this issue, and that the exhibits attached to that declaration constitute extrinsic

evidence not incorporated into the Second Amended Complaint by reference, the Department moves in the alternative for summary judgment under Rule 56.

Plaintiff's FOIA request to OIP is improper because it does not reasonably describe the records requested and is unreasonably broad and burdensome. As such, the request is invalid and does not trigger any obligation on the part of the agency to respond. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *Ctr. for Imm. Studies v. U.S. Citizenship and Immigr. Servs.*, 628 F. Supp. 3d 266, 275 (D.D.C. 2022) ("Because the Center's requests require an unduly burdensome post-search effort, the Court will grant the agency's motion for summary judgment."). As the D.C. Circuit recently confirmed, "[a]gencies do not need to honor unreasonably burdensome requests, boiling the ocean in search of responsive records." *Kowal v. Dep't of Just.*, 107 F.4th 1018, 1028-29 (D.C. Cir. 2024). The failure to submit a valid request, moreover, constitutes a failure to exhaust administrative remedies, warranting dismissal. *See, e.g.*, *Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *6; *Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 114-15 (D.D.C. 2011); *Macleod v. Dep't of Homeland Sec.*, Civ. A. No. 15-1792 (KBJ), 2017 U.S. Dist. LEXIS 153651, at *16 (D.D.C. Sept. 21, 2017); *Hall v. Dep't of Just.*, 273 F. Supp. 3d 77, 84 (D.D.C. 2017).

FOIA sets forth two specific requirements for a valid request—a request must (i) "reasonably" describe the records sought and (ii) comply "with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *Dale*, 238 F. Supp. 2d at 103. The obligation to process a request only begins upon receipt of a valid request, that is, one that satisfies these two requirements. *Dale*, 238 F. Supp. 2d at 103; *see also Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *12 ("Because Plaintiff never made a valid FOIA request . . . , Defendant was never required to comply with the time limit for issuing adverse determinations in § 552(a)(6)(A), and the constructive exhaustion waiver in § 552(a)(6)(C) is inapplicable.").

The requirement that a request "reasonably" describe the records sought, moreover, likewise is set forth in the published regulations applicable to requests made to components of the Department of Justice. *Am. Ctr.*, 573 F. Supp. 3d at 82 n.5 ("DHS rules incorporate the Act's 'reasonably describes' requirement."). Pursuant to those regulations, "[r]equesters must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." 28 C.F.R. § 16.3(b).

As the FOIA statute and applicable regulations make clear, it is not permissible to simply request nearly all work product received or generated by a government office over an extended period. Here, Plaintiff's FOIA request to OIP effectively asks for just that—virtually all of the work product of an extensive Special Counsel investigation during a nearly two-year period. The request seeks "[a]ll records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022," related to the office's investigation of President Trump and also seeks "all sent and received emails" of that office in connection with such investigation. Second Am. Compl. (ECF No. 11-1) ¶ 27. By seeking "all records" related to a broad subject matter, the request is facially invalid both because it lacks a reasonable description, *Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *8 ("[m]any of Plaintiff's requests fail to reasonably describe the records sought because they seek all materials related to a certain topic"), and would "'require[] the agency to locate . . . [a] vast quantity of material[.]'" *Id*. at *10. OIP estimates that the email portion of the request alone encompasses over 1.7 million items and that there are 40 terabytes of other digital files and approximately 100 boxes of paper records. Second Brinkmann Decl. ¶¶ 20-23.

The Court's observation in *American Center*, 573 F. Supp. 3d at 87, which was made in connection with the Court's dismissal of an overly broad request, applies equally here:

> FOIA provides an important check against the abuses of government. Nonprofits have wielded FOIA in that laudable spirit, often to positive effect for all concerned

> about how government operates. But FOIA also encourages the same nonprofits requesters to push further. And many have, some persistently. Those incentives [reduced or waived processing fees and attorney fee shifting provisions] breed requests like this one—imposing crushing burdens on limited agency resources with no clear scope or result. FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it.

*Id.* at 88.

As a general matter, records are considered reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). But that general rule still requires that some defined "class" of records be identified. *Fed'n of Gov't Emps. ("AFGE") v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990) (a request must "'reasonably describe[]' a class of documents subject to disclosure"); *Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *8-9 (a request seeking "all records" related to a topic is not reasonably descriptive). Thus, while technological advances may allow for email sought by overly broad requests to be collected by FOIA staff, such advances are not a basis to read out of FOIA the "reasonably describes" requirement as a necessary limitation on the permissible scope of a request.

For instance, in *Sai v. Transportation Security Administration*, 315 F. Supp. 3d 218 (D.D.C. 2018), the Court concluded that a request for "'[a]ll TSA policy and/or procedures documents' that were 'not already' available through the agency's electronic reading room, 'including both old [and] current versions' of those documents," was impermissibly broad and did not impose an obligation on the agency to respond. *Id.* at 248-49. The court had "little doubt" that the request "did not 'reasonably describe' a class of documents subject to disclosure." *Id.*

Similarly, in *Freedom Watch v. Department of State*, 925 F. Supp. 2d 55 (D.D.C. 2013), the Court deemed the requests at issue "invalid *ab initio*" for failing to identify the documents sought with "any modicum of specificity" or "identifiable limitation." *Id.* at 61-62. The requests

sought, among other things, "'[a]ny and all communications between the office of Secretary of State Hillary Clinton and the office of Secretary of the Treasury Timothy Geithner,' 'the office of Secretary of State Hillary Clinton and the White House,' and 'the office of Secretary of Treasury Timothy Geithner and the White House.'" *Id.* at 62. The Court concluded that the requests violated the "'reasonably describes'" standard of FOIA, as well as the agency's FOIA regulations that incorporated that standard, and thus were "infirm from the beginning." *Id.* at 60 n.1, 62. The Court also rejected the plaintiff's attempt belatedly to narrow the scope of its request to avoid dismissal. *Id.* at 62.

Other courts have reached a similar conclusion in analogous circumstances. *See, e.g.*, *Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014) (concluding that agency was not required to conduct search in response to a request for all records that "pertain[] in whole or in part (all years, all classifications)" to a list of closed Inspector General reports because the request lacked clarity and was overbroad); *Moore v. FBI*, 883 F. Supp. 2d 155, 163 (D.D.C. 2012) (finding that a request for "information to make easier to locate consciousness-altering technology, or behavioral modification techniques, information regarding the program" was "not reasonably descriptive to trigger the CIA's disclosure obligations"); *Dale*, 238 F. Supp. 2d at 104-05 (concluding that a request for "any and all documents, including but not limited to files, that refer or relate in any way to" the plaintiff "amounted to an all-encompassing fishing expedition of files at IRS offices across the country," and warranted dismissal); *Hall*, 273 F. Supp. 3d at 84 (finding insufficiently descriptive a request for "'all phone records in the possession of the Federal Bureau of Prisons'").

Even were the Court to conclude that Plaintiff's request was reasonably described because Plaintiff identified the specific office and investigation that is the focus of the request, and technology allows OIP to identify the email records being requested, the request still would be

invalid because of the undue burden that it would impose on the agency. *AFGE*, 907 F.2d at 209 ("While Requests 3A and 3B might identify the documents requested with sufficient precision to enable the agency to identify them . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency."). As in *AFGE*, Plaintiff's request "would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material." *Id.* OIP's December 4, 2024 denial letter explains that "just the email portion of your request encompasses at least 450 gigabytes of information, which combined contain approximately 1.7 million items." Ex. 1 (Dec. 4, 2024 letter). And, although the request carves out limited information from the requested email, those carve-outs do not meaningfully reduce the burden because all potentially responsive emails still would need to be reviewed to assess whether the carve-out applies to a particular record. Second Brinkmann Decl. ¶ 26. Additional digital records encompass about 40 terabytes of data, and there are also roughly 100 boxes of paper records. *Id.* ¶¶ 20. OIP estimates that, even if all of its FOIA staff worked full time to process this request for five years at a processing rate of 1,000 pages per month per person, it would barely put a dent in the enormous volume of records requested by Plaintiff, even as doing so would divert resources from thousands of other FOIA requests that OIP otherwise would handle during that period. *Id.* ¶ 25.

"[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990). "Broad, sweeping requests lacking specificity are not sufficient." *Sack*, 53 F. Supp. 3d at 163; *see also Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978) (courts have "held that broad, sweeping requests lacking specificity are not permissible" (collecting cases)).

Overbroad and unreasonably burdensome requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219. Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files. *Dale*, 238 F. Supp. 2d at 104-05. This limitation protects the ability of federal agencies to prioritize their resources notwithstanding any obligation to provide access to records under FOIA. *See, e.g.*, *Int'l Counsel Bureau v. Dep't of Def.*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010). Ultimately, "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'" *AFGE*, 907 F.2d at 209; *see also Kowal*, 107 F.4th at 1028-29 ("[a]gencies do not need to honor unreasonably burdensome requests"); *Freedom Watch*, 925 F. Supp. 2d at 62-63 (regardless of defendants' response to the requests, dismissing complaint where overbroad requests were "infirm from the beginning"). "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020).

In *Sai*, for instance, the court accepted the agency's declaration that processing the request as drafted "'would have created an extreme burden on and undue hardship for the entire agency and, in particular, the FOIA Branch.'" *Sai*, 315 F. Supp. 3d at 248-49; *see also Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (per curiam) (holding request inadequately identified records, where plaintiffs sought "all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs . . . , including, but not limited to, the files of [various government offices]"); *Hainey v. Dep't of Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (deeming it unreasonably burdensome to require the search and review of every email sent or received by twenty-five different employees over the course of two years).

With respect to the OIP request, the same outcome should be reached here. *See Frost Brown Todd*, 2024 U.S. Dist. LEXIS 19303 at *8-10. And, because the OIP request is invalid, OIP had no obligation to respond to the accompanying expedited processing request, request for media category status, and request for a public interest fee waiver. *See id.* at *10, 12*; see also Dale*, 238 F. Supp. 2d at 103; *Howell v. Dep't of Homeland Sec.*, No. 24-2791 (JMC), 2024 U.S. Dist. LEXIS 194187, at *14 (D.D.C. Oct. 25, 2024). Accordingly, all claims based on the OIP request fail and should be dismissed.

The Department recognizes that this Court has held that a FOIA plaintiff may, "at least prior to summary judgment, unilaterally narrow his own FOIA request." *Zorn v. Dep't of Just.*, Civ. A. No. 24-3360 (CRC), 2025 U.S. Dist. LEXIS 1946, at *12 (D.D.C. Jan. 6, 2025). But that line of authority does not salvage Plaintiff's claims based on the OIP request for two reasons. First, it applies only when the original FOIA request is properly before the Court in the first instance; that is, when an agency has failed to issue a determination on the request within the twenty-business day statutory period prior to the lawsuit being filed. Here, the original request is not properly before the Court because OIP issued a determination on the request prior to expiration of the applicable statutory period and thus Plaintiff was required to administratively appeal that determination before filing suit on the request. Plaintiff, in other words, cannot unilaterally narrow a request in litigation when the "condition precedent" for judicial review of the request—administrative exhaustion—has not been satisfied. *Hidalgo*, 344 F.3d at 1259; *Oglesby*, 920 F.2d at 61-62. Second, as explained in the accompanying Brinkmann declaration, Plaintiff's narrowing proposal fails to materially reduce the processing burden on OIP or otherwise address the lack of reasonable description in the OIP request. Second Brinkmann Decl. ¶ 27.

\* \* \*

## CONCLUSION

For the foregoing reasons, the first and second counts of this action should be dismissed or, alternatively, summary judgment should be granted in favor of Defendant as to those counts.

Dated: June 11, 2025

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        United States Attorney

        By: */s/ Jeremy S. Simon*
        JEREMY S. SIMON, D.C. BAR #447956
        Assistant United States Attorney
        601 D. Street, N.W.
        Washington, D.C. 20530
        (202) 252-2528
        Jeremy.Simon@usdoj.gov

        *Attorneys for the United States of America*