# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEGAL EAGLE, LLC,             *
                                    *

      Plaintiff,         *
                                    *

      v.                *      Civil Action No. 1:24-cv-03316 (CRC)
                                    *

DEPARTMENT OF JUSTICE,     *
                                    *

      Defendant.        *
                                    *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
### IN PART OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT IN PART[1]

In a good faith attempt to narrow the issues in controversy and work with Defendant Department of Justice ("DOJ") to expedite the resolution of this case, Plaintiff Legal Eagle, LLC ("Legal Eagle") chose to unilaterally narrow its Freedom of Information Act ("FOIA") request to the Office of Information Policy ("OIP") to an extreme degree. A request which had previously sought a large swath of records about a sprawling multi-year investigation now seeks only eleven specifically identified categories of records.[2] However, in an act of transparent bad faith, DOJ has moved this Court to dismiss the counts pertaining to OIP, not because the narrowed request is allegedly overbroad, but because *the original request was*. DOJ's theory, summed up, is that its refusal to *agree* to Legal Eagle's narrowed request means that it may pretend that the

---

[1] With the exception of paragraph 12, which is a conclusory statement to which no response is needed, but which Legal Eagle denies, Legal Eagle admits the entirety of Defendant's Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment in Part and will not file a separate response.

[2] Legal Eagle agrees that it did not limit its request for email records when it narrowed its request, but in the interest of expediency and judicial economy it now voluntarily agrees to retract its request for email records not otherwise responsive to these eleven categories in the hope that such a concession will allow this Court to promptly dispose of this frivolous Motion and order DOJ to begin immediately releasing responsive records.

narrowing never happened and accordingly request dismissal based only on the original request. This theory is frivolous and warrants an immediate denial of DOJ's Motion. Because there is no merit to any of DOJ's arguments and the law is well-settled on these issues, Legal Eagle will only briefly address the numerous failings in DOJ's brief rather than engage in a detailed discussion of well-established law.

After seventeen pages of argument, DOJ finally admits in the last paragraph that "this Court has held that a FOIA plaintiff may, 'at least prior to summary judgment, unilaterally narrow his own FOIA request.'" (Def.'s Mot. Dismiss in Part or, Altern., Summ. J. in Part & Supp. Mem. Thereof, Dkt. #17, at 18 (filed June 11, 2025) [hereinafter DOJ's Mot.] (quoting *Zorn v. DOJ*, No. 24-3360, 2025 U.S. Dist. LEXIS 1946, at *12 (D.D.C. Jan. 6, 2025)).)[3] However, in a vain attempt to avoid the direct application of this case law, DOJ attempts to upend long-held FOIA practice and hand-wave a halfhearted undue burden argument. Neither effort is successful.

First, DOJ argues, as it did earlier in the brief (DOJ's Mot. at 8-11), that Legal Eagle failed to exhaust its administrative remedies after DOJ claimed that its original request was improper. (*Id.* at 18.) According to DOJ, a plaintiff's ability to narrow a request "applies only when the original FOIA request is properly before the Court in the first instance; that is, then an agency has failed to issue a determination on the request within the twenty-business-day statutory period prior to the lawsuit being filed." (*Id.*) While this statement inexplicably leaves out requests where a requester challenges a final appellate decision rather than proceeding under constructive exhaustion, Legal Eagle has no other quibbles with it. Legal Eagle agrees that if a plaintiff has not exhausted administrative remedies, it generally cannot save a request by

---

[3] DOJ does noticeably neglect to concede that this Court explicitly cited other courts in this district for this holding, choosing instead to imply that this holding was a solitary decision made by one judge.

narrowing it during litigation. However, that statement has no bearing on this case, for one simple reason: administrative appeals are not required for determinations that requests are not proper.

It has long been commonly accepted that a requester is not required to administratively appeal a determination that a request is improper, and many agencies will even refuse to accept one even if the requester tries and defend that refusal in court. *See*, *e.g.*, *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 280 (D.D.C. 2012). Judge Howell best explained this concept in terms of the FOIA statute itself: "Thus, it is reasonable to conclude that the term 'adverse determination' in 5 U.S.C. § 552(a)(6)(A)(i) only contemplates agency decisions that are in response to a proper FOIA request. In other words, the FOIA does not require agencies to provide administrative appeals on the issue of whether a request is proper in the first place." *Id.*

Judge Howell's textual explanation answers the next question this Court must consider: if an agency *does* provide an administrative appeal of such a determination, does the requester have to follow it? The answer is no, because appeals are only required for adverse determinations, and if "the term 'adverse determination' . . . only contemplates agency decisions that are in response to a proper FOIA request," *id.*, then a determination that a request is not "a proper FOIA request" is not an "adverse determination" that must be appealed.

This conclusion is also supported by analogy to another type of determination which does not require an administrative appeal, as DOJ concedes: a denial of expedited processing. (DOJ's Mot. at 9.) As DOJ accurately states, "a plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request." (*Id.* (citing *Citizens for Resp. & Ethics in Wash. v. DOJ*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) [hereinafter *CREW*]).) However, agencies still often offer an administrative appeal of such a

denial. If the mere offer of an administrative appeal made such an appeal mandatory, *CREW* could not have been decided as it was, nor could any of the cases it cited for this holding. Therefore, Legal Eagle was not required to administratively appeal DOJ's initial determination, and it was accordingly entitled to unilaterally narrow its request.

DOJ's second argument fares no better, but for slightly different reasons. DOJ spends eight pages arguing that Legal Eagle's original request did not reasonably describe the records sought and was unduly burdensome. (DOJ's Mot. at 11-18.) It describes a request for "virtually all of the work product of an extensive Special Counsel investigation during a nearly two-year period." (*Id.* at 13.)  It accurately quotes the request as seeking "'[a]ll records collected, maintained, and stored by the [Special Counsel's Office] since November 18, 2022,' related to the office's investigation of President Trump." (*Id.*) It estimates that "[non-email] digital records encompass about 40 terabytes of data, and there are also roughly 100 boxes of paper records." (*Id.* at 16.) As a result, "OIP estimates that, even if all of its FOIA staff worked full time to process this request for five years at a processing rate of 1,000 pages per month per person, it would barely put a dent in the enormous volume of records requested by Plaintiff, even as doing so would divert resources from thousands of other FOIA requests that OIP otherwise would handle during that period." (*Id.*) Unfortunately for DOJ's argument, however, none of that pertains to Legal Eagle's *narrowed* request, and the entirety of the discussion of the *narrowed* request in DOJ's brief is the literal last sentence of the argument section: "Second, as explained in the accompanying Brinkmann declaration, Plaintiff's narrowing proposal fails to materially reduce the processing burden on OIP or otherwise address the lack of reasonable description in the OIP request. Second Brinkmann Decl. ¶ 27." (*Id.* at 18.)

This statement raises an issue with the Court's standard of review. Since extrinsic evidence cannot be considered in a motion to dismiss, DOJ has made no argument that the narrowed request failed to reasonably describe the records sought or would require an unreasonably burdensome search which can be considered in the context of a Rule 12(b) motion. As such, the following discussion is limited to only DOJ's alternative request for partial summary judgment.

While it is unconventional for a motion for summary judgment to merely gesture at a declaration broadly with no further discussion, it is not *prohibited*, and so Legal Eagle will address the claims made in the 2d Brinkmann Declaration on this point. That declaration, for its part, does not substantively support DOJ's position, for one key reason: it is predicated on the assumption that an agency may choose to make records effectively "un-FOIAable" merely by storing them poorly. For instance, Brinkmann states as an allegedly determinative fact that "the file structure of naming conventions of the non-email records give no obvious indication whether files would fit into the relevant categories specified by Plaintiff." (2d Brinkmann Decl., Dkt. #17-2, at 9 n.3 (filed June 11, 2025).) As a result, DOJ argues that searching for records would be unduly burdensome because "Plaintiff's proposed 'all records' categories (e.g., '[a]ll records provided to a federal court', '[a]ll records exchanged between the SCO and any Congressional office,' etc.) also do not conform with how the non-email records are organized or named." (*Id.* ¶ 27.) Brinkmann further complains that DOJ "is unable to upload the entirety of the records to an eDiscovery platform and thus has very limited keyword search capabilities for the non-email files." (*Id.*) While these are admittedly hurdles that DOJ will have to overcome to conduct an adequate search, they are hurdles of DOJ's *own creation*, and DOJ cannot then talismanically invoke them to avoid processing a legitimate FOIA request.

All that a FOIA requester must do is identify "some defined 'class' of records" and "identify the documents sought with 'any modicum of specificity' or 'identifiable limitation.'" (DOJ's Mot. at 14 (quoting *Fed. of Gov't Emps. v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990), and *Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 61-62 (D.D.C. 2013)).) Legal Eagle has done just that with its narrowed request. Furthermore, DOJ's contentions regarding burden also presume that manually or even automatically searching the non-email documents themselves are the only way to perform a search, but that is not the standard for an adequate search. Just using the two examples that Brinkmann cited, it would be much easier to identify the records another way. All records given to a court can be easily identified by reviewing the court filings and then locating the necessary records. Most of the records exchanged with Congress can be easily identified by searching the email records—which DOJ admits are searchable—for emails sent to house.gov or senate.gov. While it may not identify *every* record, an agency need not do a *perfect* search, only an *adequate* one.

Lastly, there were eleven categories of records in the narrowed request. Brinkmann cursorily discussed two of them and made ambiguous general statements about the remainder. This is far from the level of specificity necessary to warrant summary judgment that an entire request is improper and must be dismissed.[4]

For the foregoing reasons, the Court should deny DOJ's Motion.

---

[4] In fact, the vagueness of Brinkmann's testimony raises serious questions about the purpose of this Motion. The Court should consider whether this Motion was filed for an improper purpose, such as delaying the Government's need to provide an Answer on the record regarding the remaining counts in the case. (*See* DOJ's Mot. at 2 n.2.)

Date:   July 25, 2025

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

/s/ Devin Stone
Devin Stone, Esq.
D.C. Bar #1022055
Eagle Team, LLP
1050 Connecticut Avenue, NW
Suite 5038
Washington, DC  20036
833-369-2473
240-681-2189 fax
Devin@EagleTeam.law

*Counsel for Plaintiff*