UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 24-3316 (CRC) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT IN PART**

Defendant United States Department of Justice (the "Department"), by and through undersigned counsel, replies as follows in further support of its motion to dismiss this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), action as it relates to the FOIA request directed to the Department's Office of Information Policy ("OIP") or, alternatively, for summary judgment with respect to that request.

**ARGUMENT**

Plaintiff's opposition does not meaningfully respond to the arguments for dismissal of this action or, alternatively, for summary judgment in favor of the government, as it relates to the OIP request. As an initial matter, Plaintiff admits the entirety of Defendant's Statement of Undisputed Material Facts (ECF No. 17-1), with the exception of the final paragraph. Opp'n (ECF No. 21) at 1 n.1. That final paragraph asserts that Plaintiff's post-lawsuit narrowing proposal on January 10, 2025, which was directed to the non-email portion of the OIP request, "would still be unduly burdensome to process," citing paragraph 27 of the Second Brinkmann Declaration. Def. Stat. (ECF No. 17-1) ¶ 12. Plaintiff, however, has not offered any competent evidence to rebut the

assertions in that declaration, and Plaintiff's arguments that the declaration fails to establish undue burden are misplaced for reasons addressed below.  Further, to remove any doubt as to the undue burden of the non-email portion of the request, even as narrowed by Plaintiff's January 10, 2025 proposal, a further declaration is being submitted with this reply to address that issue.  *See, generally,* Third Declaration of Vanessa R. Brinkmann ("3d Brinkmann Decl.").

I.      **Plaintiff Failed to Administratively Appeal the December 4, 2024 Denial.**

Plaintiff makes the circuitous argument that if, as stated in OIP's December 4, 2024 denial letter, its request failed to comply with the requirements of FOIA, then Plaintiff had no obligation to administratively exhaust before filing suit on its statutorily non-compliant request. *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) ("Failure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal.")   Plaintiff relies for this argument on *National Security Counselors v. CIA*, 898 F. Supp. 2d 233 (D.D.C. 2012), where the issue was whether FOIA prohibited an alleged CIA policy that failed to provide for administrative review of a determination that a request was improper. *Id*. at 279.  But the question in that case was whether an agency "must provide an administrative appeal" of such a determination. *Id*. at 280.  That is distinct from the question here, which is whether a requester must administratively appeal a determination that the request was improper when the agency has provided appeal rights regarding that determination in accordance with regulations that treat such denials as appealable events.

The court in *National Security Counselors* reasoned that "when an agency makes a conscious choice not to provide a party with administrative process, the agency constructively waives the requirement of administrative exhaustion." *Id.*  But OIP has not waived the requirement for administrative exhaustion.  To the contrary, its December 4, 2024 denial letter advised Plaintiff that "[i]f you are not satisfied with this Office's determination in response to this request, you may

administratively appeal by writing to the Director, Office of Information Policy." Letter (ECF No. 17-2) at ECF p.21. The Department of Justice's FOIA regulations, moreover, define an "adverse determination" that may be administratively appealed to include a decision that "the request does not reasonably describe the records sought." *See* 28 C.F.R. § 16.6(d); *see id.* § 16.8 ("A requester may appeal any adverse determinations to OIP."). The term "adverse determination" is not defined in FOIA, but broadly by case law. *See CREW v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013) (explaining that "the statute requires that an agency, upon making a 'determination' whether to comply with a FOIA request, immediately 'notify the person making such request of such determination and the reasons therefor'"). Because the agency's regulatory definition of "adverse determination" to include a determination that a request is improper for lack of reasonable description is not inconsistent with the statute or D.C. Circuit authority, requesters can be held to comply with that regulation. *See Clemente v. FBI*, 867 F.3d 111, 118 (D.C. Cir. 2017) (holding that FBI had no obligation to retrieve records from the FBI field office when the FBI's regulations mandated that requests for field office records be directed to the field office, not headquarters); *Al-Fayed v. CIA*, 254 F.3d 300, 307 and n.7 (D.C. Cir. 2001) (deference is appropriate for agency FOIA regulations, except that a court may not defer to an agency regulation that offers its "own definition" of a term already defined in the statute).

It is well settled that "[a] requester's 'failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust.'" *Boyd v. Trump*, 478 F. Supp. 3d 1, 6 (D.D.C. 2020). Thus, where the agency's regulations provide for an administrative appeal of a denial based on the lack of reasonable description, the requester must administratively appeal that decision before seeking judicial review. *See Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990) (citing 5 U.S.C. §§ 552(a)(6)(A)(i), (ii) and cases). Because Plaintiff admittedly failed to do so, its claims

based on the OIP request should be dismissed. *See* Opp'n (ECF No. 21) at 2-3 ("agree[ing] that if a plaintiff has not exhausted administrative remedies, it generally cannot save a request by narrowing it during litigation").

This result is not foreclosed by the different treatment afforded under FOIA to expedited processing requests as Plaintiff wrongly suggests. *Id*. at 3-4. The denial of an expedited processing request need not be administratively appealed because "FOIA uses different language in the provision relating to denials of requests for expedited processing: '[a]gency action to deny or affirm denial of a request for expedited processing . . . shall be subject to judicial review.'" *Citizens for Resp. & Ethics in Wash. v. DOJ*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020). This specific statutory language precludes an agency from raising the failure to administratively appeal as a defense to a denial of expedited processing claim. *See Al-Fayed*, 254 F.3d at 307. But there is no corresponding FOIA provision that treats denials based on lack of reasonable description in this manner. OIP, moreover, has principally argued that Plaintiff's expedited processing claim fails because it was rendered moot by the December 4, 2024 adverse determination, not based on a failure to exhaust. Mot. (ECF No. 17) at 11.

## II.     Plaintiff Did Not Submit A Valid Request To OIP.

Plaintiff's FOIA request to OIP, even as narrowed after litigation,[1] is improper because it does not reasonably describe the records requested and is unreasonably broad and burdensome.

---

[1]     Although this Court has recognized that a FOIA plaintiff may, "at least prior to summary judgment, unilaterally narrow his own FOIA request," *Zorn v. Department of Justice,* Civ. A. No. 24-3360 (CRC), 2025 U.S. Dist. LEXIS 1946, at *12 (D.D.C. Jan. 6, 2025), Plaintiff has cited no authority that would permit the narrowing of a request after a summary judgment motion has been filed. Thus, the Court should disregard Plaintiff's attempt to narrow the email portion of the request through a footnote in its opposition. Opp'n (ECF No. 21) at 1 n.2. Nevertheless as addressed in the Third Brinkmann declaration, that attempted narrowing still does not reduce the burdensomeness of that portion of the request. 3d Brinkmann Decl. ¶¶ 39-40.

As such, the request is invalid and does not trigger any obligation on the part of the agency to respond. *Dale*, 238 F. Supp. at 103; *Ctr. for Imm. Studies v. U.S. Citizenship and Immigr. Servs.*, 628 F. Supp. 3d 266, 275 (D.D.C. 2022) ("Because the Center's requests require an unduly burdensome post-search effort, the Court will grant the agency's motion for summary judgment."); *Power the Future v. White House Council on Env't Quality*, Civ. A. No. 24-1942 (RC), 2025 U.S. Dist. LEXIS 149426, at *8 (D.D.C. Aug. 4, 2025) ("[Plaintiff's] assertion that there is no defense for undue burden under FOIA contradicts Circuit precedent, and this Court must follow the binding Circuit rule that a request for which its post-search efforts create an 'unreasonable burden' fails the 'reasonably described' requirement[.]").

The burdensome nature of the request was established in the declaration accompanying Defendant's motion and is further established by the accompanying Third Brinkmann declaration. *See* 3d Brinkmann Decl. ¶¶ 37, 38 (providing a rough approximation that the request for non-email materials, as currently narrowed, could involve over three million pages of records whereas the request for emails, as narrowed in Plaintiff's opposition, could involve over 670,000 pages). Those declarations easily dispense with Plaintiff's conclusory assertion that its narrowing of the request has cured any deficiency, and, for example, that certain requested records "can be easily identified by reviewing the court filings." Opp'n (ECF No. 1) at 6. The presumption of good faith extends to declarations providing "'good faith estimate[s] of the excessive amount of time required to' respond to a FOIA request." *Power the Future,* 2025 U.S. Dist. LEXIS 149426, at *10. Moreover, "'[p]urely speculative claims' are insufficient to rebut the presumption of good faith awarded to agencies." *Id.*

Plaintiff's other argument is that OIP cannot complain about the burdensomeness of Plaintiff's request because, in Plaintiff's view, the Department of Justice made the records "un-

FOIAable" by "storing them poorly." *Id*. at 5. That argument is misplaced because "FOIA does not require an agency to reorganize its files in anticipation of or in response to a FOIA request" but, "[r]ather, the agency may keep its files in a manner best designed to suit its internal needs." *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 63 (D.D.C. 2003). Plaintiff has offered no competent evidence to question whether the requested records were maintained "in a manner best designed to suit [the Department's] internal needs" and any opinion it may offer to the contrary is irrelevant. The issue is Plaintiff's overbroad request not the agency's records management for an expansive investigation.

As the D.C. Circuit has confirmed, "[a]gencies do not need to honor unreasonably burdensome requests, boiling the ocean in search of responsive records." *Kowal v. Dep't of Just.*, 107 F.4th 1018, 1028-29 (D.C. Cir. 2024). That rule includes requests that entail unduly burdensome search and post-search efforts, including with respect to "'locat[ing], review[ing], redact[ing], and arrang[ing]'" documents for production. *See, e.g., Power the Future,* 2025 U.S. Dist. LEXIS 149426, at *8, 14 (granting summary judgment to agency because the request "would require the Agency to undertake unreasonably burdensome post-search efforts").

**CONCLUSION**

For the foregoing reasons, and those set forth in Defendant's motion, the first and second counts of this action should be dismissed or, alternatively, summary judgment should be granted in favor of Defendant as to those counts.

Dated: August 22, 2025

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        By: */s/ Jeremy S. Simon*
                                        JEREMY S. SIMON, D.C. BAR #447956
                                        Assistant United States Attorney
                                        601 D. Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-2528
                                        Jeremy.Simon@usdoj.gov

                                        *Attorneys for the United States of America*