UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　　　Defendant. | Civil Action No. 24-3316 (CRC) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated January 6, 2026, Defendant Department of Justice ("DOJ") and Plaintiff Legal Eagle, LLC, by and through undersigned counsel, hereby submit this joint status report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1.　Background: This case arises out of FOIA requests that Plaintiff submitted to two DOJ components: the Office of Information and Policy ("OIP") and the Federal Bureau of Investigation ("FBI"). On November 8, 2024, Plaintiff submitted a FOIA request to OIP seeking records and emails maintained by the Special Counsel's Office relating to its investigation of former President Donald Trump. *See* ECF No. 11 at ¶ 27. The same day, Plaintiff submitted a FOIA request to the FBI seeking records from the Central Records System concerning former President Donald Trump that were generated or collected in connection with specified federal investigations and related criminal proceedings. *See id.* ¶ 50. Plaintiff filed its complaint on November 22, 2024, a first amended complaint on December 10, 2024, and a second amended complaint on January 31, 2025. *See* ECF Nos. 1, 6, 11; Min. Order dated Feb. 13, 2025. On June 11, 2025, Defendant filed a partial motion to dismiss or, alternatively, a motion for partial summary judgment as to Counts 1 and 2 of the second amended complaint, which pertain to the FOIA request

1

directed at OIP.  *See* ECF No. 17.  On January 6, 2026, the Court granted the motion for partial summary judgment, dismissed Counts 1 and 2, and directed the parties to file a status update by January 20, 2026, as to the remaining claim against the FBI in Count 3.  *See* ECF No. 25.

2. Status of Plaintiff's FOIA request to the FBI: The FBI has made seven interim productions to Plaintiff, with the first occurring on April 21, 2025, and anticipates that the next production will occur on or before January 21, 2026.  In accordance with the FBI's standard process, the FBI intends to continue providing monthly interim productions until processing is complete.  Plaintiff has made multiple requests to the FBI that such interim productions be sent to its counsel's new address, but so far, the FBI has continued to send them to its counsel's old address, causing logistical difficulties.  Defendant's counsel has advised Plaintiff's counsel that the FBI has been made aware of the situation, and Plaintiff hopes that it will not need to ask the Court to intervene; however, it brings the matter to the Court's attention in case such a request proves to be necessary.

3. Status of Plaintiff's FOIA request to OIP: In its January 6, 2026, decision, the Court held that Plaintiff had not exhausted its administrative remedies and wrote that it would "leave it to Legal Eagle to move the ball forward and let OIP 'exercise' its 'expertise on the matter' and 'make a factual record to support its decision.'"  ECF No. 25 at 11 n.6.  However, the parties disagree as to the import of that language.

Plaintiff's position: Plaintiff maintains that the Court envisioned an appeal being submitted of OIP's December 4, 2024 denial letter, which may include an agreement to limit the scope of Plaintiff's request.  This reading is bolstered by the Court's statement that it was "sending Legal Eagle *back to OIP* for further direct negotiation with the agency." *See id.* at 16 (emphasis added).  It is further supported by the Court's repeated discussions of the merits of *appellate* review, and

Plaintiff maintains that the Court did not intend to force it to file a brand new request, then wait for OIP to reject it, then file an administrative appeal, and only *then* come back to the Court for judicial review, which would cause significant further delays.  Accordingly, Plaintiff filed an administrative appeal of OIP's adverse decision on January 14, 2026, eight days after the Court's order.  Today, OIP refused to accept this appeal, claiming that it was untimely because it was submitted more than ninety days after the original December 4, 2024, denial.  Plaintiff is willing to give OIP an "opportunity to apply its expertise and 'correct or rethink' any 'initial misjudgments or errors' *through the internal appeals process*," *id.* at 16 (emphasis added), but it can only do so if OIP *accepts the appeal*.  It therefore asks the Court to order OIP to accept the appeal filed by Plaintiff on January 14, 2026, or consider OIP's refusal to do so as a refusal to "correct or rethink any initial misjudgment or errors through the internal appeals process."

    Defendant's position: Defendant does not believe the Court took a position on whether Legal Eagle's "mov[ing] the ball forward" should take the form of a new FOIA request or an appeal of the old one—or whether it should even occur at all.  ECF No. 25 at 11 n.6.  The Court stated that it would "*leave it to Legal Eagle* to move the ball forward," *id*. (emphasis added), meaning that Plaintiff may decide for itself how to pursue the information it seeks if it remains interested in doing so.  After all, courts are not in the business of providing litigants with legal advice.  *See Johnson v. BAE Sys.*, 4 F. Supp. 3d 62, 74 (D.D.C. 2013).  Nor does the Court's reference to "the internal appeals process" or its statement about "sending Legal Eagle back to OIP" resolve the question Plaintiff now raises.  ECF No. 25 at 16.  In either scenario—whether Legal Eagle submits a new FOIA request to OIP or attempts to appeal the prior denial—Legal Eagle would be back before the same agency, and the administrative appeals process would be available if necessary.  Accordingly, Plaintiff's interpretation overreads the Court's language.

In any event, this entire dispute is academic. OIP issued Plaintiff its final response in December 2024, and the 90-day deadline for appealing that decision has long since passed. *See* 28 C.F.R. § 16.8(a). Under those circumstances, the ordinary and sensible course would be for Legal Eagle to submit a new, properly framed FOIA request and allow it to proceed through the administrative process in due course (and then "amend its complaint in this case with a refreshed FOIA claim against OIP" should that ultimately prove necessary, ECF No. 25 at 17). Plaintiff's request that the Court order OIP to accept an untimely administrative appeal—or deem OIP's refusal to do so a refusal to "correct or rethink any initial misjudgments or errors"—lacks merit and, in any event, is not appropriately raised nor resolved by way of a joint status report. The Court did not adjudicate the timeliness or availability of an administrative appeal in its prior decision, and it would be improper to do so now without full briefing. Defendant believes it has substantial grounds to contest both propositions through appropriate motion practice and would likely do so if presented with the opportunity. Plaintiff's expressed concern about delay is therefore woefully misplaced. While Plaintiff objects to having to "file a brand new request, then wait for OIP to reject it, then file an administrative appeal, and only then come back to the Court for judicial review," litigating and adjudicating the threshold issues Plaintiff now raises would itself consume significant time and resources—time that could instead be spent pursuing a new FOIA request instead of attempting to resurrect a procedurally defaulted one.

4. <u>Proposed Next Steps:</u> Considering the above, the parties propose filing another joint status report in approximately 90 days, on or before April 20, 2026, to update the Court on the status of the case and propose further proceedings.

[signatures on next page]

| | |
|---|---|
| Dated: January 20, 2026<br>      Washington, D.C. | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney |
| /s/ Kelly B. McClanahan<br>Kelly B. McClanahan, Esq.<br>DC Bar # 984704<br>National Security Counselors<br>1451 Rockville Pike<br>Suite 250<br>Rockville, MD 20852<br>501-301-4672<br>240-681-2189 (fax)<br>Kel@NationalSecurityLaw.org<br><br>*Counsel for the Plaintiff* | By:  /s/ Benjamin H. Zieman<br>      Benjamin H. Zieman<br>      Assistant United States Attorney<br>      601 D Street N.W.<br>      Washington, D.C. 20530<br>      202-252-2540<br><br>*Attorneys for the United States of America* |