**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LEGAL EAGLE, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-03316 (CRC) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE**
**TO FILE THIRD AMENDED COMPLAINT**

NOW COMES Plaintiff Legal Eagle, LLC ("Legal Eagle") to respectfully request leave

to file its Third Amended Complaint attached hereto.

As explained in the following memorandum, which has been included in this Motion due

to its short length, this amended complaint is offered in good faith and not for purpose of delay,

but rather to renew Counts 1-2 with allegations regarding the renewed request submitted to

Defendant Department of Justice ("DOJ") and showing that, even after over a year of litigation,

it is still unwilling to process Legal Eagle's request. Moreover, if leave is granted it will not

unfairly prejudice DOJ.

DOJ does not oppose this Motion. A proposed Order is attached to this Motion.

**Memorandum of Points and Authorities**

In support of this Motion, Legal Eagle relies on Federal Rule of Civil Procedure 15(a)(2),

which provides in relevant part that a party may amend its pleading with leave of the Court and

that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See*

*also Foman v. Davis,* 371 U.S. 178 (1962); *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Legal Eagle has good cause to request leave to amend, it is made in good faith and not for purpose of delay, and if leave is granted it will not unfairly prejudice DOJ. "[N]o unfair prejudice exists simply because a party has to defend against new or better pleaded claims." *See* Baicker-McKee, Janssen, & Corr, *Federal Civil Rules Handbook 2016* 579 (Thomson/Reuters 2016) (citing *Popp Telecom v. American Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."), and *Busam Motor Sales v. Ford Motor Co.,* 203 F.2d 469, 472 (6th Cir. 1953) (Rule 15 amendment is not barred simply because it raises new issue of law)). *See also Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999) (undue delay justifies denial of leave to amend only when accompanied by unfair prejudice, bad faith or futility).

The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the Court, but leave "should be freely given unless there is a good reason . . . to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). According to the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

This amended pleading is being offered in direct response to the Court's statement in its 6 January 2026 Memorandum Opinion: "Should the agency refuse to process Legal Eagle's

narrowed request even after the opportunity to apply its expertise and 'correct or rethink' any 'initial misjudgments or errors' through the internal appeals process, Legal Eagle is free to amend its complaint in this case with a refreshed FOIA claim against OIP. By that point, the precise contours of Legal Eagle's challenge will have been 'crystallize[d],' with an 'ample record,' thereby facilitating judicial review." (Mem. Op. & Order, Dkt. #25, at 16-17 (filed Jan. 6, 2026).) As demonstrated in paragraphs 47-64 of the Third Amended Complaint, Legal Eagle submitted a renewed request to OIP incorporating all of the scope limitations to which it had agreed during this case, as well as providing a significantly more robust argument for expedited processing. In response, OIP denied the request for expedited processing without any analysis whatsoever and made an unclear proposal to narrow the scope of the request (which misrepresented the request), and then refused to reply to Legal Eagle's requests for clarification. Legal Eagle therefore reluctantly returns to this Court with "a refreshed FOIA claim against OIP."

Similarly, there is no undue prejudice to DOJ. In fact, granting leave to amend is especially favored where the proposed changes do not radically reshape the action. *See Smith v. Café Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009). Legal Eagle's only additions are "based on essentially the same nucleus of facts supporting Plaintiffs' other claims." *Council on Amer.-Islamic Relations Action Ntwk., Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 328 (D.D.C. 2011). Similarly, Legal Eagle's "proposed amendments do not catch [DOJ] by surprise or radically reshape this action, let alone deprive them of an opportunity to mount a fair defense." *Id.* at 326. *See also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *City of*

*Moundbridge v. Exxon Mobil Co.*, 250 F.R.D. 1, 6 (D.D.C. 2008) ("Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely.").

### Conclusion

For the foregoing reasons, the Court should grant Legal Eagle's Motion.

Date:    April 8, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

4