**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEGAL EAGLE, LLC,                             *
                                               *

     Plaintiff,                             *

                                               *

     v.                             *   Civil Action No. 1:24-cv-03316 (CRC)

                                               *

DEPARTMENT OF JUSTICE,                             *

                                             *

     Defendant.                             *

                                             *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**THIRD AMENDED COMPLAINT**

Plaintiff Legal Eagle, LLC brings this action against Defendant Department of Justice

pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

1.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3.      Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the

District of Columbia. Legal Eagle runs the LegalEagle YouTube channel

(https://www.youtube.com/legaleagle), which is the most popular long form YouTube channel

focused on legal issues—as well as one of the fastest growing educational channels in the

world—with more than three million subscribers, fifteen million monthly views, and nearly one

billion total video views. Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.    Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Legal Eagle which are the subject of this action.

5.    The Federal Bureau of Investigation ("FBI"), Office of Information and Policy ("OIP"), and Special Counsel's Office ("SCO") are DOJ components.

## BACKGROUND

6.    Former President Donald Trump lost the 2020 presidential election.

7.    Between 3 November 2020 and 20 January 2021, former President Trump allegedly engaged in a criminal conspiracy to overturn the results of the election.

8.    On or around 20 January 2021, former President Donald Trump caused numerous boxes, many of which contained classified documents, to be transported from the White House to the Mar-a-Lago Club in Palm Beach, Florida, where he maintained his residence.

9.    Former President Trump maintained these boxes in various locations at the Mar-a-Lago Club for over a year.

10.    On 30 March 2022, FBI opened a criminal investigation into the unlawful retention of classified documents at the Mar-a-Lago Club.

11.    On 15 November 2022, former President Trump announced that he was running for President again.

12.    On 18 November 2022, U.S. Attorney General Merrick Garland appointed Jack Smith ("Smith") to serve as Special Counsel for both matters involving former President Trump.

13.     Smith was in charge of the investigations and prosecutions of former President Trump.

14.     On 8 June 2023, at Smith's request, a grand jury in the Southern District of Florida issued an indictment against former President Trump and Waltine Nauta, which became the case *United States v. Trump*, No. 23-80101 (S. D. Fla.) (hereinafter "the Documents Case").

15.     On 27 July 2023, at Smith's request, a grand jury in the Southern District of Florida issued a superseding indictment in the Documents Case against former President Trump, Waltine Nauta ("Nauta"), and Carlos De Oliveira ("De Oliveira").

16.     On 1 August 2023, at Smith's request, a grand jury in the District of Columbia issued an indictment against former President Trump, which became the case *United States v. Trump*, No. 23-257 (D.D.C.) (hereinafter "the Election Case").

17.     On 27 August 2024, at Smith's request, a grand jury in the District of Columbia issued a superseding indictment in the Election Case against former President Trump.

18.     On 5 November 2024, former President Trump was re-elected President.

19.     After former President Trump's re-election, various media outlets reported that Smith would be "winding down" both cases against former President Trump, issuing a report, and resigning, due to DOJ guidance that prohibits charging a sitting president with a crime.

20.     On 25 November 2024, at Smith's request, the Election Case was dismissed.

21.     On 26 November 2024, at Smith's request, former President Trump was dismissed from Smith's appeal of the District Court's decision in the Documents Case.

22.     On 8 January 2025, DOJ advised the Eleventh Circuit Court of Appeals that it would not release Volume II of the Special Counsel's Final Report, which pertained to the Documents Case, "so long as [Nauta's and De Oliveira's] criminal proceedings remain pending."

23. On 14 January 2025, DOJ publicly released Volume I of the Special Counsel's Final Report, which pertained to the Election Case.

24. On 11 February 2025, at DOJ's request, the Eleventh Circuit Court of Appeals dismissed the appeal in the Documents Case with prejudice, ending the criminal proceedings against Nauta and De Oliveira.

25. After a year of post-dismissal litigation over Volume II of the Special Counsel's Final Report, Judge Aileen Cannon issued an order on 23 February 2026 purporting to enjoin DOJ "from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof."

26. Judge Cannon's 23 February 2026 Order is currently under appeal to the Eleventh Circuit Court of Appeals.

27. Legal Eagle maintains that Judge Cannon lacked the authority to permanently enjoin DOJ from releasing a non-judicial record and that, notwithstanding the ultimate resolution of the appeal of her order, that order accordingly does not constitute a legitimate exemption under FOIA.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS AND FEE-RELATED DENIAL – FOIA-2026-01581)

28. Legal Eagle repeats and realleges the allegations contained in paragraphs 1-27 set forth above.

29.     FOIA requests for SCO records must be submitted to OIP.

30.     On 8 November 2024, Legal Eagle submitted to OIP via the portal at

https://www.foia.gov a FOIA request for two categories of records "from the Office of Special

Counsel Jack Smith": (1) All records collected maintained, and stored by the SCO since

November 18, 2022, during the Office's investigation into potential federal crimes committed by

former President Donald Trump; and (2) All sent and received emails stored in the email

accounts of SCO personnel as of the date of the search, not including emails not directly relevant

to the investigation (such as press clippings, DOJ administrative emails not unique to the SCO,

etc.). Legal Eagle clarified that "[t]he second category is not meant to limit the first category, but

simply to provide more specifics regarding responsive emails."

31.     Legal Eagle further advised, "As the SCO is currently in the process of winding

down the two criminal cases against former President Trump, you may wait until those cases are

resolved to begin reviewing records so that you do not waste time asserting Exemption (b)(7)(A)

for information while the cases are still open. You may not, however, wait until those cases are

resolved to conduct the search and direct the SCO to preserve all responsive records, including

emails."

32.     On 22 November 2024, Legal Eagle filed the initial Complaint in this case.

33.     On 26 November 2024, Legal Eagle's undersigned counsel sent an email to OIP

and FBI ("26 November Email") which, in pertinent part, further advised: "We modify these

requests to also allow OIP and FBI to wait until Jack Smith's report is completed and a decision

is made by the Attorney General whether or not to release it publicly to begin the review

process." Legal Eagle explained the change: "That allowance was absent from the original

requests because it was not clear at the time whether a formal report would be written after the criminal cases were wrapped up."

34.     To ease the review burden, Legal Eagle's request letter further allowed, "You may exclude from consideration any portions of records discussing confidential legal advice about the investigation and/or prosecution, as well as any grand jury materials. You may also exclude from consideration any portions of records which were properly classified prior to 8 November 2024. You may also exclude from consideration any records which have already been made public."

35.     In the 26 November Email, Legal Eagle also further clarified the scope of these four exclusions.

36.     Legal Eagle requested expedited processing of this request, classification as a representative of the news media, and a public interest fee waiver, citing to the extensive public interest in the investigations and prosecutions of former President Trump, especially in light of the fact that the prosecutions will not conclude due to former President Trump's re-election for a second, non-consecutive term.

37.     On 4 December 2024, OIP responded to Legal Eagle's request and assigned it Request No. FOIA-2025-00458. OIP refused to process Legal Eagle's request and did not address its request for expedited processing.

38.     OIP stated, "If you would like to reframe your request to seek a specific topic of interest, a more tailored timeframe, or another reformulation, please contact this Office."

39.     On 10 December 2024, Legal Eagle filed the First Amended Complaint in this case.

40.     On 10 January 2025, Legal Eagle's undersigned counsel sent the following email

to DOJ's counsel of record, accepting OIP's offer and limiting the scope of the request:

> In an attempt to resolve the matter of the OIP request without further briefing, we are willing to limit the scope of the non-email portion of the OIP request to the following records (some records may fit within several categories):
>
> 1) Unredacted volumes of the final report;
> 2) All records explicitly cited in the final report;
> 3) All records exchanged between the SCO and any Congressional office;
> 4) All records exchanged between the SCO and the National Archives and Records Administration;
> 5) All records exchanged between the SCO and the White House;
> 6) All records exchanged between the SCO and the office of Special Counsel Robert Hur;
> 7) All records exchanged between the SCO and DOJ personnel involved in the investigation regarding former Vice-President Mike Pence's retention of classified records;
> 8) All records exchanged between the SCO and Special Master Raymond Dearie;
> 9) All records provided to a federal court; and
> 10) All deposition transcripts and recordings; and
> 11) All witness statements.

Legal Eagle's undersigned counsel added, "The same provisions for what may be excluded listed

in the original request and subsequent correspondence still apply."

41.     Legal Eagle's undersigned counsel concluded, "We are also willing, as previously

stated, to discuss limiting the scope of the email request, but we will need more information

about the relevant employees in order to limit the scope of that request."

42.     On 17 January 2025, DOJ's counsel responded to this message, stating that OIP

continued to refuse to process Legal Eagle's request.

43.     Also on 17 January 2025, DOJ moved to dismiss Counts 1-2 of this case without

mentioning Legal Eagle's acceptance of the offer to limit the scope of this request.

44.     On 6 January 2026, this Court granted DOJ's partial motion to dismiss without

prejudice, finding that Legal Eagle failed to exhaust administrative remedies for Request No.

FOIA-2025-00458 and "sending Legal Eagle back to OIP for further direct negotiation with the agency."

45.     On 14 January 2026, Legal Eagle submitted an administrative appeal to OIP of its refusal to process Request No. FOIA-2025-00458, which OIP denied as untimely on 20 January 2026.

46.     On 4 February 2026, this Court denied Legal Eagle's request for an order directing OIP to accept Legal Eagle's administrative appeal of its refusal to process Request No. FOIA-2025-00458.

47.     On 4 February 2026, Legal Eagle submitted to OIP via the portal at https://www.foia.gov an updated version of this FOIA request, incorporating the scope limitations to which it had agreed during this case.

48.     Legal Eagle requested expedited processing of this request, classification as a representative of the news media, and a public interest fee waiver, citing to the extensive public interest in the investigations and prosecutions of former President Trump.

49.     On 13 February 2026, OIP responded to Legal Eagle's request and assigned it Request No. FOIA-2026-01581. OIP declined to make a determination regarding Legal Eagle's requests for classification as a representative of the news media and a public interest fee waiver.

50.     OIP stated that it would be unilaterally limiting the scope of the search unless Legal Eagle affirmatively directed otherwise. Legal Eagle's undersigned counsel immediately responded that it did not agree to the proposed scope limitations.

51.     On 19 March 2026, OIP contacted Legal Eagle's undersigned counsel with a proposal regarding the scope of this FOIA request. The proposal did not reflect—and in some ways misrepresented—many of the limitations to which Legal Eagle had affirmatively agreed in

its request letter and, as a result, was ambiguous and unclear regarding the actual nature of the proposed limitations.

52.     Legal Eagle's undersigned counsel immediately replied to OIP, directing its attention to the allowances already made in the request letter and asking, "Can you please incorporate this into your proposal so I know which parts you still want to negotiate?"

53.     OIP declined to clarify its proposal.

54.     Accordingly, on 19 March 2026, Legal Eagle's undersigned counsel directed OIP to "[p]lease give me a proposal that makes no mention of publicly available materials since it makes no sense for you to propose limiting the scope of the request to exclude publicly available materials when I have already stipulated that you may exclude publicly available materials." After sending this email, Legal Eagle's undersigned counsel received an "out of office" message from OIP.

55.     On 24 March 2026, Legal Eagle's undersigned counsel emailed OIP, "Please let me know when I can expect your corrected proposal, now that you have returned to the office."

56.     As of this writing, OIP has not responded to this email, nor has it issued a final determination regarding this request.

57.     Legal Eagle has a legal right under FOIA to have its request fully processed, to be classified as a representative of the news media, and to receive a public interest fee waiver, and there is no legal basis for the denial by OIP of said rights.

**SECOND CAUSE OF ACTION**

**(OIP – EXPEDITED PROCESSING DENIAL – FOIA-2026-01581)**

58.     Legal Eagle repeats and realleges the allegations contained in paragraphs 1-27 set forth above.

9

59.    Specifically with respect to its request for expedited processing, Legal Eagle explained in its renewed request letter, "This request seeks expedited processing as there is both an urgency to inform the public and it relates to a matter of widespread public interest, as well as actual government activity where public confidence in the government is severely implicated. For over two years, the SCO conducted an investigation into potential crimes committed by President Trump. This investigation resulted in two criminal cases being brought against President Trump and numerous other people. The investigation, Mr. Smith, and his team have been the subject of harsh criticism by President Trump on a near daily basis, and President Trump promised to fire Mr. Smith as soon as he took office again, leading to Mr. Smith's resignation. Since President Trump took office, various government officials, including President Trump and numerous Members of Congress, have repeatedly accused Mr. Smith of misconduct and questioned the SCO's integrity in an attempt to negatively affect public confidence in the investigation. In the past two months alone, Mr. Smith has been called to testify multiple times before Congress to justify the investigation and refute allegations of misconduct. Just last month, DOJ called Volume II of the final report '[t]he illicit product of an unlawful investigation and prosecution [that] belongs in the dustbin of history' in a formal court filing in the Southern District of Florida and promised that '[t]he United States will leave it there.'"

60.    Legal Eagle submitted numerous examples of the widespread media coverage of these matters, concluding, "Furthermore, Google says that there are roughly 30,000 recent news articles on this subject. It is crucial that this information, which will now not be revealed in the normal course of criminal litigation, be released expeditiously to provide the public with insight into whether they can have confidence that former President Trump can satisfactorily execute the duties of his office and would set the record straight as to whether the evidence supported the

investigation and prosecutions. The urgency is only magnified by DOJ's court filings stating that they consider the investigation 'unlawful from its inception' and promising that, unless forced by FOIA to release them, these records will be 'left' in 'the dustbin of history.' It is harder to envision a more clear-cut case for expedited processing on the grounds that the records involve 'a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.'"

61.    Legal Eagle demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the Government's integrity which affect public confidence.

62.    On 13 February 2026, OIP denied Legal Eagle's request for expedited processing based on "urgency to inform the public" with no analysis beyond a conclusory statement that OIP "cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally."

63.    In this letter, OIP also stated that a determination regarding Legal Eagle's request for expedited processing based on "widespread and exceptional media interest" had not yet been made.

64.    As of this writing, OIP has not made a final determination within ten days regarding Legal Eagle's request for expedited processing.

65.    Legal Eagle has a legal right under FOIA to have its request processed as soon as practicable, and there is no legal basis for the denial by OIP of said right.

**THIRD CAUSE OF ACTION**

**(FBI – CONSTRUCTIVE RECORDS DENIAL – 1652028-000)**

66.     Legal Eagle repeats and realleges the allegations contained in paragraphs 1-27 set forth above.

67.     On 8 November 2024, Legal Eagle submitted to FBI via the FBI FOIA portal a FOIA request for "all information about former President Donald Trump in the Central Records System collected or created as part of the investigations into him for unlawfully retaining national security information and for his role in the January 6 insurrection, for which he is currently in criminal litigation in the Southern District of Florida and the District of Columbia."

68.     Legal Eagle further advised, "As the Special Counsel's Office is currently in the process of winding down the two criminal cases against former President Trump, you may wait until those cases are resolved to begin reviewing records so that you do not waste time asserting Exemption (b)(7)(A) for information while the cases are still open. You may not, however, wait until those cases are resolved to conduct the search. You may also not wait to receive a response from us regarding a privacy waiver, as we will not be submitting one due to the overwhelming public interest in these records."

69.     To ease the review burden, Legal Eagle further allowed, "You may exclude from consideration any portions of records discussing confidential legal advice about the investigations and/or prosecutions, as well as any grand jury materials. You may also exclude from consideration any portions of records which were properly classified prior to 8 November 2024. You may also exclude from consideration any records which have already been made public."

12

70.     Legal Eagle requested expedited processing of this request, classification as a representative of the news media, and a public interest fee waiver, citing to the extensive public interest in the investigation and prosecution of former President Trump.

71.     On 18 November 2024, FBI responded to Legal Eagle's request and assigned it Request No. 1652028-000. FBI denied Legal Eagle's request for classification as a representative of the news media, deferred its decision regarding Legal Eagle's request for a public interest fee waiver, and did not address its request for expedited processing.

72.     On 22 November 2024, Legal Eagle submitted an appeal of FBI's fee category determination to OIP, which was acknowledged and assigned Appeal No. A-2025-00398 the same day. Legal Eagle also requested that the appeal be expedited.

73.     Also on 22 November 2024, Legal Eagle filed the initial Complaint in this case.

74.     On 26 November 2024, Legal Eagle's undersigned counsel sent the 26 November Email to FBI adding a new allowance for FBI to wait for a decision regarding Smith's report and clarifying the scope of the exclusions.

75.     On 3 December 2024, OIP responded to Legal Eagle's appeal, stating that the appeal was being closed because of this litigation.

76.     That same day, Legal Eagle's undersigned counsel sent an email to OIP clarifying that the complaint in this litigation did not include FBI's denial of Legal Eagle's request to be classified as a representative of the news media and asking that the appeal be reopened.

77.     On 10 December 2024, Legal Eagle filed the First Amended Complaint in this case.

78.     Also on 10 December 2024 (but not received by Legal Eagle until later), FBI responded to Legal Eagle's request, granting Legal Eagle's request for expedited processing.

79.     On 16 January 2025, FBI responded to Legal Eagle's request and reversed its previous fee-related positions, granting Legal Eagle's requests to be classified as a representative of the news media and to receive a public interest fee waiver.

80.     As of this writing, FBI has not made a final determination within twenty business days regarding Legal Eagle's request, beyond its fee-related determinations.

81.     Legal Eagle has a legal right under FOIA to have its request fully processed, and there is no legal basis for the denial by FBI of said right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Legal Eagle, LLC prays that this Court:

(1)     Order the Office of Information Policy to grant its request for classification as a representative of the news media;

(2)     Order OIP to grant its request for a public interest fee waiver;

(3)     Order OIP to grant its request for expedited processing;

(4)     Order FBI and OIP to release all requested records;

(5)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(6)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(7)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(8)     Grant such other relief as the Court may deem just and proper.

Date:   April 8, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*