UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEGAL EAGLE, LLC

     Plaintiff,

  v.

DEPARTMENT OF JUSTICE,

     Defendant.

Civil Action No. 24-3316 (CRC)

## ANSWER TO THIRD AMENDED COMPLAINT

Defendant Department of Justice ("Department"), by and through undersigned counsel, respectfully submits this Answer to the Third Amended Complaint (ECF No. 29-1) filed by Plaintiff Legal Eagle, LLC, on April 8, 2026. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant expressly denies all allegations in the Third Amended Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Third Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the Third Amended Complaint in corresponding, numbered paragraphs as follows:

1

**JURISDICTION**[1]

1.      This paragraph contains Plaintiff's conclusions of law concerning jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

**VENUE**

2.      This paragraph contains Plaintiff's conclusions of law concerning venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

**PARTIES**

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

4.      Defendant admits that the Department is an agency within the meaning of 5 U.S.C. § 552(e).  The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is processing records responsive to Plaintiff's request.

5.      Defendant admits that the Federal Bureau of Investigation, Office of Information Policy ("OIP"), and Special Counsel's Office ("SCO") are components of the Department.

---

[1]      Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Third Amended Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**BACKGROUND**

6.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim,

and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are

alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including

as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or

information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide

background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim,

and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS AND FEE-RELATED DENIAL – FOIA-2026-01581)

28.    Defendant realleges and incorporates by reference all the proceeding paragraphs of this Answer as if fully stated in this paragraph.

10

29.     Defendant admits that OIP is responsible for processing FOIA requests for SCO records.

30.     Defendant admits that OIP received a FOIA request from Plaintiff dated November 8, 2024.  The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required.  The request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

31.     This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

32.     Admitted.

33.     Defendant admits that on November 26, 2024, Plaintiff sent an e-mail to OIP.  The remainder of this paragraph consists of Plaintiff's characterization of the e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

34.     This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

35.     This paragraph consists of Plaintiff's characterization of the November 26, 2024 e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its

11

contents.  Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

36.     This paragraph consists of Plaintiff's characterization of its November 8, 2024 FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

37.     Defendant admits that on December 4, 2024, OIP sent Plaintiff a letter and assigned request number FOIA-2025-00458.  The remainder of this paragraph consists of Plaintiff's characterization of the letter, to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

38.     This paragraph consists of Plaintiff's characterization of the December 4, 2024 letter, to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

39.     Admitted.

40.     Defendant admits that on January 10, 2025, Plaintiff sent an e-mail to OIP.  The remainder of this paragraph consists of Plaintiff's characterization of the e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

41.     This paragraph consists of Plaintiff's characterization of the January 10, 2025 e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its

contents.  Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

42.     Defendant admits that on January 17, 2025, OIP sent Plaintiff an e-mail.  The remainder of this paragraph consists of Plaintiff's characterization of the e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

43.     Defendant admits that on January 17, 2025, it filed a Motion to Dismiss (or, in the alternative, a Motion for Summary Judgment).  *See* ECF No. 9.  The filing speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the filing for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

44.     This paragraph consists of Plaintiff's characterization of the Court's January 6, 2026 Memorandum Opinion and Order, to which no response is required.  *See* ECF No. 26.  The Memorandum Opinion and Order speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the Memorandum Opinion and Order e-mail for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

45.     Defendant admits that on January 14, 2026, Plaintiff sent an administrative appeal to OIP.  The remainder of this paragraph consists of Plaintiff's characterization of the administrative appeal, to which no response is required.  The administrative appeal speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the administrative appeal for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

46.     This paragraph consists of Plaintiff's characterization of the Court's February 4, 2026 Minute Order, to which no response is required.  *See* Feb. 4, 2026 Min. Order.  The Minute Order speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the Minute Order for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

47.     Defendant admits that OIP received a FOIA request from Plaintiff dated February 4, 2026.  The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required.  The request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

48.     This paragraph consists of Plaintiff's characterization of its February 4, 2026 FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

49.     Defendant admits that on February 13, 2026, OIP sent Plaintiff a letter and assigned request number FOIA-2026-01581.  The remainder of this paragraph consists of Plaintiff's characterization of the letter, to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

50.     This paragraph consists of Plaintiff's characterization of the February 13, 2026 letter and Plaintiff's response, to which no response is required.  The letter and response speak for themselves and are the best evidence of its contents.  Defendant respectfully refers the Court to

14

the letter and response for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

51.    Defendant admits that on March 19, 2026, OIP sent Plaintiff an e-mail with a scoping proposal. The remainder of this paragraph consists of Plaintiff's characterization of that e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

52.    Defendant admits that OIP received an e-mail from Plaintiff dated March 19, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

53.    Denied.  Defendant avers that OIP responded to the e-mail from Plaintiff dated March 19, 2026.  The remainder of this paragraph consists of Plaintiff's characterization of that e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

54.    Defendant admits that OIP received a second e-mail from Plaintiff dated March 19, 2026.  The remainder of this paragraph consists of Plaintiff's characterization of that e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

55.     Defendant admits that OIP received an e-mail from Plaintiff dated March 24, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

56.     Admitted.

57.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

## (OIP – EXPEDITED PROCESSING DENIAL – FOIA-2026-01581)

58.     Defendant realleges and incorporates by reference all the proceeding paragraphs of this Answer as if fully stated in this paragraph.

59.     Defendant admits that OIP received a FOIA request from Plaintiff dated February 4, 2026, seeking expedited processing.  The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required.  The request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

60.     This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required.  The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

61.     This paragraph consists of Plaintiff's characterization of its FOIA request and legal conclusions, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

62.     Defendant admits that on February 13, 2026, OIP sent Plaintiff a letter and denied Plaintiff's request for expedited processing. The remainder of this paragraph consists of Plaintiff's characterization of the letter, to which no response is required. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

63.     This paragraph consists of Plaintiff's characterization of the February 13, 2026 letter, to which no response is required. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

64.     The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies that it did not issue a determination on Plaintiff's request for expedited processing based on "an urgency to inform the public" but admits that it has not yet issued an expedited processing determination based on "widespread and exceptional media interest." Defendant respectfully refers the Court to OIP's February 13, 2026 letter to Plaintiff for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

65.     The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

17

**THIRD CAUSE OF ACTION**

**(FBI – CONSTRUCTIVE RECORDS DENIAL – 1652028-000)**

66.    Defendant realleges and incorporates by reference all the proceeding paragraphs of this Answer as if fully stated in this paragraph.

67.    Defendant admits that the FBI received a FOIA request from Plaintiff dated November 9, 2024.  The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

68.    This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

69.    This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

70.    This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

71.    Defendant admits that on November 18, 2024, the FBI sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA request, which advised Plaintiff that the request had

been assigned FOIPA Request No. 1652028-000.  The remainder of this paragraph consists of Plaintiff's characterization of the letter, to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

72.    Defendant admits that on November 22, 2024, Plaintiff filed an administrative appeal of the FBI's fee category determination to OIP.  Defendant further admits that on November 22, 2024, OIP sent Plaintiff a letter acknowledging receipt of the administrative appeal, assigning it number A-2025-00398.  The remainder of this paragraph consists of Plaintiff's characterization of its appeal submission, to which no response is required.  The submission speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the submission for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

73.    Admitted.

74.    Defendant admits that on November 26, 2024, Plaintiff sent an e-mail to the FBI. The remainder of this paragraph consists of Plaintiff's characterization of the e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

75.    Defendant admits that on December 3, 2024, OIP sent Plaintiff a letter administratively closing Plaintiff's fee category appeal.  The remainder of this paragraph consists of Plaintiff's characterization of the letter, to which no response is required.  The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

19

76.    Defendant admits that on December 3, 2024, Plaintiff sent an e-mail to OIP. The remainder of this paragraph consists of Plaintiff's characterization of the e-mail, to which no response is required.  The e-mail speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

77.    Admitted.

78.    Defendant admits that on December 10, 2024, the FBI sent Plaintiff a letter approving Plaintiff's request for expedited processing.  The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff did not receive this letter "until later."

79.    Defendant admits that on January 16, 2025, the FBI sent Plaintiff a letter to notify Plaintiff of a change in Plaintiff's requester fee category to a news media requester. The letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

80.    Defendant admits that, as of the date of the Complaint, it had not issued a final determination in response to FOIPA Request No. 1652028-000, but avers that it had begun processing records and making monthly interim releases.

81.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

## PRAYER FOR RELIEF

This remainder of the Third Amended Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendant alleges the following additional defenses to the Third Amended Complaint. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1.      Plaintiff's request fails to comply with the requirements of the FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

2.      Defendant has exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

3.      Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

4.      Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure. 5 U.S.C. § 552(b).

5.      Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

6.      Defendant's actions or inactions did not violate the FOIA or any other statutory or

21

regulatory provision.

7. The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

8. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

9. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). See *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

10. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

[signature on next page]

Dated: April 22, 2026                           JEANINE FERRIS PIRRO
      Washington, D.C.                        United States Attorney

                                                   By:     */s/ Benjamin H. Zieman*
                                                           Benjamin H. Zieman
                                                           Assistant United States Attorney
                                                           601 D Street N.W.
                                                           Washington, D.C. 20530
                                                           202-252-2540
                                                           benjamin.zieman@usdoj.gov

                                          *Attorneys for the United States of America*